STATE EXCHANGE BANK OF

STRYKER v. ROYCE, et.

Ohio Appeals, 6th Dist., Williams Co.

No. 159.  Decided April 12, 1927.

**563. FRAUDULENT CONVEYANCES**—Where only property of value possessed by maker of note is real estate which was conveyed to his wife without consideration, it is immaterial whether he personally intended to place such real estate beyond reach of creditors, his assets being otherwise insufficient, the deed will be set aside as being constructively fraudulent.

Appeal from Common Pleas.  Decree for plaintiff.

**First Publication of this Opinion**

LLOYD, J.

On December 30, 1922, Clarence T. Royce, executed a promissory note for $6,748.00 with interest at 6% per annum, maturing six months thereafter, and delivered same to the State Exchange Bank of Stryker, to whose order it was payable.  It was a cognovit note and judgment was taken thereon in the Williams Common Pleas April 3, 1926.  Royce died April 12, 1926.

On application of Robert Royce, as executor, this judgment was suspended.  Trial being had, a verdict was returned for the amount of the note and judgment was entered thereon.

The instant action was commenced by the Bank to have vacated and set aside as in fraud of creditors, a deed executed May 7, 1924, by Clarence Royce to his wife Sarah Royce, for certain real estate and also to have declared null and void a mortgage subsequently given on this property by Sarah Royce to her son Robert.  Subsequent to the commencement of this action, control of the business and property of the bank was taken for liquidation by the State Superintendent of Banks. The deed recites a consideration of $1.00 and other valuable considerations; but the testimony of Sarah Royce shows that she had no property or independent income and gave nothing by way of consideration.

Mrs. Royce testified that she at no time saw the deed from Mr. Royce to herself; in other words it was not delivered personally by him to her.  The date of delivery therefore to her would be December 16, 1924, when the deed was recorded.

The only question is whether on December 16, 1924, Clarence T. Royce was possessed of sufficient porperty other than the real estate

so conveyed, to satisfy his note to the bank, and this court is of the opinion that the evidence presented clearly shows that such was not his financial condition. The only property of any value possessed by him at the time, was the real estate here in controversy. This being true, it is immaterial whether or not he personally intended thus to place this real estate beyond the reach of his creditors.

His assets being otherwise insufficient to pay his debts, the deed to Mrs. Royce being without consideration and with knowledge on her part that her husband was indebted to the bank, was to say the least, constructively fraudulent, and should be set aside.

The mortgage given to Robert Royce, being without any present consideration, and he also having knowledge of his father's affairs, should likewise be set aside.

Decree accordingly.

(Richards and Williams, JJ., concur).

Attorneys—Edward C. Turner, Atty. Gen., C. F. Lavlin and J. A. Godown, Columbus, for plaintiff; Leslie J. Arnold, Columbus, and C. C. Peck and Charles T. Stahl, Bryan, for defendant.