ROYAL INDUSTRIAL BANK OF LOUISVILLE, APPELLANT, *v.* KLEIN, APPELLEE.

310

(No. 7510—Decided January 28, 1952.)

*Messrs. Peterman, Calhoun & McPherson,* for appellant.

*Mr. Saul M. Greenberg, Mr. Sidney C. Brant* and *Mr. Joseph M. Rheins,* for appellee.

MATTHEWS, J. This is a controversy between two innocent parties over the right of possession of a Cadillac automobile. They trace title to a common source, one Rosenblatt, and each dealt with him in the usual course of business and paid value. The only difference is that the plaintiff dealt directly with Rosenblatt—the wrongdoer—and his name is a link in the chain of title. The defendant did not deal with Rosenblatt and his name does not appear in his title. This results from the fact that the original purchaser from the manufacturer, who was located in Indiana, gave Rosenblatt an Indiana certificate of title, with a blank space for the insertion of the name of the vendee, and Rosenblatt sold the automobile to Mike Albert Autos, Inc., whose name was inserted in the blank space in the certificate of title by Rosenblatt, and Mike Albert Autos, Inc., presented said certificate to the clerk of courts of Hamilton county, who issued to it an Ohio certificate of title. Mike Albert Autos, Inc., sold the automobile to the defendant, to whom a new certificate was issued. This appeal is from a judgment for defendant.

The plaintiff's chattel mortgage does not appear in the defendant's chain of title at any place. However, it appears that the original purchaser from the manufacturer took this automobile to Kentucky, where he sold it to Rosenblatt and delivered to him the automobile and the certificate of title with the blank space for the insertion of the name of the buyer, and while Ro-

senblatt had possession of the automobile and before he sold it to Mike Albert Autos, Inc., he borrowed $3,100 from the plaintiff and gave a mortgage on this automobile to secure its payment. Rosenblatt told the plaintiff that he had purchased the automobile at auction in Kentucky and was not asked to and did not display to the plaintiff any bill of sale or other evidence of title. The mortgage was duly filed in the proper office in compliance with the law of Kentucky.

Nothing else appearing, it would seem clear that the defendant, being an innocent purchaser for value in possession, with muniments of title, has a superior right. The plaintiff seeks to avoid this conclusion by pointing out what it contends is a fatal defect in the description of the automobile in the defendant's chain of title.

As is usual in title papers relating to automobiles, required by Section 6290-13, General Code, and the directive of the registrar, there are headings and blank spaces in defendant's title papers to show various descriptive data, such as model, designated by a numeral, the year, the serial number, motor number, weight, make, and other identifying characteristics, all in conformity to such section.

The record shows that the first four digits of the motor number are a repetition of the year and model number elsewhere appearing under the proper heading. In the defendant's chain, it appears that in inserting the motor number, the scrivener failed to insert the model number. Instead, in the midst of the serial number, where the digits 6 and 2 would normally appear as a repetition of the model number, there is what more nearly resembles the letter L than anything else.

It is uncontradicted that the letter L is never stamped on any Cadillac automobile by the manufac-

turer as a part of or in connection with any identifying number.

Under these circumstances, it seems to us we are presented with a case in which the scrivener, after inserting the model number in its proper place under the proper heading, failed to carry it forward in another place, where it was repeated. The question is whether such failure invalidates the certificate of title under the laws of Ohio and requires a finding in favor of the plaintiff that has made no attempt to comply with the Ohio law, where no confusion of the subject matter of the certificate could result from the error and the certificate carries on its face sufficient to place any one dealing with the property upon inquiry, which if reasonably pursued would have identified the property.

The defendant's certificate of title complied in all other respects with the requirements of Section 6290-13, General Code. Does the error in not incorporating the model number in the serial number and inserting in its stead between the year number and the balance of the motor number the letter L (an identifying mark entirely foreign to any Cadillac automobile) invalidate it?

There is no statutory provision applicable to the situation. It is true that by Section 6290-4, General Code, it is provided that a purchaser of an automobile acquires no title until there is issued to him a certificate of title and that no estoppel or waiver shall operate in favor of such purchaser against a person having possession of such certificate for a valuable consideration. But there is no statute declaring the effect of errors in such certificate. In any event, as the defendant has the only certificate of title for this automobile, that section can have no application to the facts of this case.

We find no cases dealing with errors in certificates of title and have been cited to none. There are many cases involving the sufficiency of descriptions in mortgages upon automobiles. These would seem to furnish an analogy and serve as a guide to a decision in this case.

Of course, it is a general rule applicable to all conveyances that the subject matter must be identified, and when the law requires the conveyance to be evidenced by a written instrument, the identification must be found in the writing.

As to chattel mortgages, it is said in 10 American Jurisprudence, 751, Section 53:

"In general, the description should be so certain that the property mortgaged can be segregated from other similar articles. * * * Generality and indefiniteness of description will not avoid a mortgage if the uncertainty caused thereby is such as will be removed when the instrument is read in the light of the circumstances surrounding the parties at the time it was entered into and their manifest design is considered."

And, at page 752, Section 55, *ibid*, it is said: "To be sufficient against a third person, the description of the mortgaged property must be definite enough to enable him, aided by inquiries which the instrument itself suggests, to identify the property."

Speaking of the sufficiency of descriptions in conditional sales contracts, it is said in 47 American Jurisprudence, 53, Section 861:

"Although a mistake in a serial number of an article or one of its parts may nullify a description where the number is the only method of distinguishing between articles of the same type, it is generally held that a mistake in the serial number will not vitiate the description, where there are other facts given in the description by which the property can be identified."

In the case at bar under our statutes the certificate of title is required to have many identifying marks, other than the serial number, and these were all correctly stated. By these, and the distinctive digits of the serial number, the automobile could be identified and the insertion of the letter L did not produce any ambiguity, either patent or latent. It pointed to no other automobile. Any attempt to apply the description to any other automobile would have resulted in failure. Under such circumstances, we must hold that the defendant's certificate of title substantially complied with the letter of the statute and fully with its spirit.

It is urged that the failure of the Indiana certificate to include the name of the purchaser renders it ineffective.

There seems no doubt that when Rosenblatt purchased this automobile from Scott County Motor Company, and the automobile and certificate of title were delivered to him, he was given implied authority to insert the name of the buyer in the space provided for such insertion. The trial court found as a matter of fact that there was such authority and we are not disposed to disturb such finding.

Under the statute law of Indiana, in order to secure a certificate of title, it is necessary to accompany the application with a bill of sale or other muniment of title. Under the statute law of Kentucky, automobiles must be registered and a license plate obtained. In order to register the automobile a bill of sale or certificate of title is required to be filed with the application. The plaintiff must be charged with knowledge of this requirement of the law of Kentucky. Notwithstanding, the plaintiff made no inquiry whatsoever as to the nature of Rosenblatt's title. It asked for the production of no bill of sale or certificate of title. If it had

done so, it would have been disclosed that his name had not been inserted in the certificate of title. Had it done so, and insisted on the insertion of a name, it would have deprived Rosenblatt of the power to perpetrate the fraud upon Mike Albert Autos, Inc., and the defendant. The Indiana certificate of title contained no data of any sort that would have suggested a search of the records of Jefferson County, Kentucky.

The plaintiff must rely on the strength of its own title. If its title is insufficient, it cannot recover no matter how defective the defendant's title may be. Possession is sufficient for the defendant's purposes until the plaintiff establishes a superior right under the law.

We believe this case is controlled by the case of *Kelley Kar Co.* v. *Finkler,* 155 Ohio St., 541, 99 N. E. (2d), 665, the fifth paragraph of the syllabus to which is as follows:

"One who claims a right, title or interest in or to a motor vehicle by virtue of a conditional sales contract executed in a state other than Ohio, which instrument purports to retain title in the claimant until the entire purchase price is paid, and which claimant does not possess an Ohio certificate of title covering such automobile and whose claim of right, title or interest under such conditional sales contract is not noted upon any Ohio certificate of title covering said automobile, cannot prevail in an action in replevin against one in Ohio who holds an Ohio certificate of title therefor and who purchased such automobile in good faith and for value from one in possession of said automobile and who held an Ohio certificate of title covering said automobile which did not bear on its face any notation of the right, title or interest claimed under such conditional sales contract so executed in a state other than Ohio."

As the plaintiff's chattel mortgage is not noted on any Ohio certificate of title, it cannot prevail against the defendant, who has possession and a certificate of title.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur in the syllabus, opinion and judgment.