OPINION
{¶ 1} Plaintiff-appellant, Scott Griffin, appeals a Butler County Common Pleas Court's determination regarding the conveyance by deed of real property. Defendant-appellee, Donald Griffin, has filed a cross-appeal with regards to the decision. We affirm in part and reverse in part.
 {¶ 2} Appellant and appellee are brothers who each claim to have superior right over a specific parcel of property. Peggy Griffin, the parties' mother, entered into an agreement with appellant to purchase Peggy's home located at 1213 Calumet Avenue, Middletown, Ohio ("the property") for $10,000.
 {¶ 3} A quitclaim deed was prepared by a title company and signed by Peggy conveying the property to appellant on April 14, 2001. The deed did not contain the amount of consideration paid by appellant nor give a description of the property. In the portion of the deed where a description would have been located, it stated, "See Exhibit A attached hereto and made a part hereof." No Exhibit A was attached to the deed. Moreover, the deed was never recorded. Appellant asserts that he sent the signed and notarized deed to the title company, and the title company lost the document.
 {¶ 4} On April 30, 2001, Peggy signed a second quitclaim deed, this time granting the property to appellee. Appellee gave her $10,000 in consideration for the property. Appellee also completed over $20,000 in repairs to the property.
 {¶ 5} The April 30 deed was erroneously backdated to April 5, 2001. Appellee maintains that the backdate was a clerical error. The April 30 deed was recorded on May 2, 2001.
 {¶ 6} Appellant filed suit alleging that appellee had tortiously interfered with a contract between he and Peggy. He also asked the trial court to declare a constructive trust over the property in favor of himself, if it found that appellee held title to the property. Finally, he requested specific performance of his sales contract with Peggy.
 {¶ 7} The trial court set aside both appellee's and appellant's deeds, finding them invalid and unenforceable. It also ordered a trust in equity secured by a lien on the property to appellee in the amount of $31,043.10. Appellant appeals the decision raising three assignments of error. Appellee has filed a cross-appeal raising one assignment of error. To facilitate our analysis, the assignments of error will be addressed out of order.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The trial court erred in denying the appellant scott griffin's requested relief of declaration of constructive trust and/or specific performance of the subject property to him."
 {¶ 10} Appellant maintains that the April 14, 2001 quitclaim deed was valid and should be enforced. He argues that the trial court erred in denying his "requested relief for declaration and conveyance" of the property to him.
 {¶ 11} It is a general rule that the subject matter in a conveyance must be identified, and the identification must be found in the written instrument. Royal Industrial Bank ofLouisville v. Klein (1952), 92 Ohio App. 309, 314; see 35 Ohio Jurisprudence 3d (2002) 262, Deeds, Section 40. Moreover, "[e]very conveyance of real property must contain such a convenient and definite description that, by its terms, the land can be located." 35 Ohio Jurisprudence 3d (2002) 264, Deeds, Section 42; see, also, Roebuck v. Columbia Gas TransmissionCorp. (1977), 57 Ohio App.2d 217, 219.
 {¶ 12} In the April 14 deed, there is no description of the land to be conveyed. In the portion of the deed where the description should have been, it instead states "See Exhibit A Attached hereto and made a part hereof." No exhibit A was attached.
 {¶ 13} Appellant asserts that the April 14 deed does list appellant's tax-mailing address as the property, 1213 Calumet Avenue. He argues that this shows that the property was intended to be deeded to him by Peggy. He also asserts that the only property Peggy owns that could have been deeded to him was the property in question.
 {¶ 14} Appellant's arguments are without merit. That appellant listed his tax-mailing address on the April 14 deed as the property in question is not dispositive here, as no description of the property being deeded was given on the document. An exhibit A was mentioned in the April 14 deed; however, it was not attached. We agree with the trial court's statement that "[e]xhibit A could have been anything."
 {¶ 15} Moreover, it is not apparent from the deed that the only property that Peggy owns is located in Butler County. Even a general description granting all of Peggy's property in Butler County may have been sufficient to allow the trial court to construe the deed as being for the property at 1213 Calumet Avenue. See Yoss v. Markley (App. 1946), 46 Ohio Law Abs. 217; see McDonald v. McDonald (App. 1925), 3 Ohio Law Abs. 399. However, here, not even a broad description of the property was given. A reference to a non-existent exhibit is not a sufficient description of property to create a valid deed. Accordingly, the trial court did not err by not ordering a constructive trust or specific performance. It correctly set aside and found unenforceable the April 14 deed. Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "The trial court erred in denying the appellant's claim for tortious interference with contracts."
 {¶ 18} Appellant argues that appellee tortiously interfered with his contract for the sale of the property. He maintains that appellee knowingly and intentionally interfered "with his contractual rights to conveyance of the real estate between himself and Peggy."
 {¶ 19} To have a valid claim for tortious interference, appellant must show "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." Fred Siegel, Co.,L.P.A. v. Arter Hadden, 85 Ohio St.3d 171, 1999-Ohio-260, paragraph one of the syllabus.
 {¶ 20} A valid and enforceable contract must exist in order to maintain a tortious interference claim. Bell v. Horton
(1996), 13 Ohio App.3d 363, 366. Therefore, we must first determine whether a valid and enforceable contract existed between appellant and Peggy.
 {¶ 21} Appellee argues that the contract is not valid and is unenforceable as it falls within the statute of frauds. R.C.1335.05, Ohio's Statute of Frauds, provides:
 {¶ 22} "No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 23} The memorandum must contain a description of the property. Sanders v. McNutt (1947), 147 Ohio St. 408, 410. Precisely, it must "definitively point out the particular land to be conveyed or must furnish the means of identifying it with certainty." Schmidt v. Weston (1948), 150 Ohio St. 293, paragraph three of the syllabus.
 {¶ 24} Appellant's claim that appellee tortiously interfered with his contractual relationship with Peggy must fail as a matter of law. A valid and enforceable contract does not exist as it does not contain a description of the property as required by the statute of frauds. Accordingly, appellant's third assignment of error is overruled.
 {¶ 25} Assignment of Error on Appellee's Cross-Appeal:
 {¶ 26} "The trial court erred in setting aside the quitclaim deed of cross-appellee [sic] donald griffin and declaring it invalid and unenforceable."
 {¶ 27} On April 30, 2001, Peggy signed a second quitclaim deed, granting the property to appellee. Appellee gave her $10,000 in consideration for the property. The deed was recorded on May 2, 2001. The April 30 deed was erroneously backdated to April 5, 2001. Appellant maintains that appellee purposefully caused the April 30 deed to be backdated in order to supercede his April 14 deed.
 {¶ 28} The trial court heard testimony from the attorney appellee hired to complete the deed transaction. The attorney explained that the deed's date must have been changed at the time of recording. He surmised that someone in his office took the document to be recorded, saw that the date was incomplete, called back to the office to ascertain the date, and then someone in the recording office inadvertently placed the wrong date on the deed.
 {¶ 29} Appellee testified that he did not change the date on the deed. The attorney testified that the deed was not out of his sight while appellee and Peggy were in his office and that the deed was in his possession when they left his office. The attorney further testified that he did not know about the attempted conveyance by appellant's purported deed on April 14.
 {¶ 30} The trial court wrestled with this issue as well. It stated:[1]
 {¶ 31} "The next issue I have to consider is about the April 30th deed, which is the second deed which is before the Court. And in reviewing this again, I have to look very carefully at some issues involved here because that deed mysteriously becomes dated before the April 15th date. And though there is no direct testimony as to how that came, I think I have an opportunity as a Judge to make reasonable inferences. I don't believe in coincidences. Never have, never will. Somehow the April 30th deed is predated to the April 15th deed. And whether that was done by intent or nefarious reasons, I don't know. But I think that the deed is obviously false on [its] face because by everybody's agreement it wasn't deeded then.
 {¶ 32} "And again, I think that the Court can make whatever circumstantial inference it wants to make. And I think the Court has within [its] inherent equitable powers to set that deed aside also. In my mind it was back-dated. Somebody did it. Whether it was altered for nefarious reasons or for all the good reasons or by accident, I think the Court can draw [its] own reasonable conclusion, which it does."
 {¶ 33} The trial court then set aside and found invalid appellee's deed. Appellee argues that the April 30, 2001 deed conveying the property to him is valid and should be enforced. He maintains that the trial court erred in setting it aside and finding it unenforceable and invalid. Appellant maintains that the trial court's decision was correct as there was "fraud or other misconduct in the drafting, execution, and/or acknowledgment of the deed."
 {¶ 34} A deed executed in the correct form is presumed to be valid and will not be set aside for fraud, lack of capacity or undue influence except upon clear and convincing evidence.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735; seeHousehold Finance Corp. v. Altenberg (1966), 5 Ohio St.2d 190,192. Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 35} Here appellant alleges that appellee changed the date on the deed in order to supercede his purported April 14 deed. In its decision, the trial court never made a finding that fraud or any other misconduct existed by clear and convincing evidence. Moreover, no clear and convincing evidence was presented by appellant to show that the April 30 deed should be set aside for fraud or any other misconduct. Therefore the trial court erred in setting aside appellee's April 30 deed.
 {¶ 36} Appellant further argues that even if we find the April 30 deed to be valid, that it was not delivered properly to appellee, and therefore is not valid. He maintains that there must be a "manual" delivery of the deed. Assuming arguendo that the deed was not manually delivered, then the date of delivery is the day that the deed was recorded. State Exchange Bank ofStryker v. Royce (1927), 26 Ohio App. 508, 511. The April 30 deed was recorded on May 2, 2001, therefore it would be considered to be delivered on that date. As such, appellant's argument is without merit.
 {¶ 37} For the reasons given above, appellee's cross-assignment of error is sustained.
 {¶ 38} Assignment of Error No. 2:
 {¶ 39} "The trial court erred in declaring a trust in equity for donald griffin for repairs and improvements made to the property."
 {¶ 40} Appellant asserts that the trial court erred in declaring a trust in equity for appellee secured by a lien against the property in the amount of $31,043.10 for repairs and improvements that appellee completed on the property. Given our disposition as to appellee's cross-assignment of error above, appellant's second assignment of error is moot.
 {¶ 41} Judgment affirmed in part and reversed in part.
Valen, P.J., and Powell, J., concur.
[1] We note that within the trial court's decision, it refers to the April 14 deed as the April 15th deed. These deeds are the same. Appellant's deed was signed and acknowledged on April 14, 2001, not April 15, 2001.