CARPENTER et v DECKERT et

Ohio Appeals, 9th Dist, Summit Co

No 1616. Decided May 3, 1929

Burroughs & Burroughs and W H Crawford, all of Akron, for Carpenter, et.

Myer Wise and Chalmers M Hamill, both of Akron, for Deckert, et.

**PER CURIAM**

The general rule is that where land is described in the memorandum by ownership, acreage and general location, parol evidence is admissable to apply such description to a particular tract of land; but if either the ownership, acreage or location is not stated in the memorandum, and no other particulars are stated which will indicate with reasonable certainty the land intended, parol evidence is not competent: because the court will not receive such evidence both to describe the land and then to apply the description.

The farm is sufficiently identified as to area and as to location, but there is no statement as to ownership or similar designation which would indicate the land intended to be described. If the contract had read that Deckert agreed to convey his 55-acre farm in Green township, Summit county, Ohio, parol evidence would be admissable to explain the meaning and application of the descriptive language used and thereby identify the 55-acre farm in that township referred to; but that is not the wording of the contract. The contract reads "to deed 55 acre farm in Green Township, Summit Co., Ohio," and parol evidence is not competent to show that the parties intended to describe the 55-acre farm in said township which Deckert owned or on which he resided, for the statute requires the parties to describe the land in the writing and prevents specific performance if that is not done with reasonable certainty.

It is claimed, however, that the provision in the contract with reference to the payment of taxes indentifies Deckert as the owner of the 55-acre farm.

That part of the contract reads: "Taxes to be paid on properties for Dec. 1927 by respective owners of property at this time." That is not a statement that Deckert owned the 55-acre farm or that he would pay the taxes thereon, but is a statement that the owner, whoever he might be, would pay the taxes.

Where the description contains a patent ambiguity which appears on the face of the writing itself, the uncertainty in the description cannot be cured by extrinsic evidence.

In this case the uncertainty appears on the face of the writing. There is no particular stated which in any way indicates what 55-acre farm in said township the parties meant to describe, and parol evidence is not competent to supply that essential of the contract.

While parol evidence is competent to apply a reasonably certain description to a particular tract of land, it is not competent for the purpose of remedying an uncertain description.

A decree denying specific performance and dismissing the petition without prejudice may be entered.

Funk, PJ, Pardee, J, and Washburn, J. concur.