SCHAFER, APPELLEE, *v.* FAYLOR, APPELLANT.

(No. 18089—Decided May 23, 1944.)

*Mr. V. W. Filiatrault,* for appellee.
*Messrs. Loomis & Caris,* for appellant.

CARTER, J. The parties will be designated in this opinion as plaintiff and defendant.

This is an action for specific performance, which has for its basis the following instrument:

"Jan. 29, 1943

"Received of Stanley C. Schafer one hundred $100 cash. Payment on 83 acres farm in Brimfield Twp. $2,900 to be paid within 60 day balance of $6,000 to be paid at 30 per month at 4½% interest every six month. Total price $9,000.

"Arthur Faylor
"Stanley C. Schafer"

Certain evidence was introduced by plaintiff over objection by defendant, and some evidence was intro-

duced by defendant. The trial court found in favor of plaintiff and ordered specific performance. A motion for new trial was overruled and appeal on questions of law and fact is prosecuted to this court.

First of all, a reading of the memorandum in question without the aid of other evidence, clearly and conclusively shows that defendant sold or contracted to sell a farm of about eighty-three acres in Brimfield township; that plaintiff purchased same; that $100 down payment was made by plaintiff; that $2,900 was to be paid within sixty days from date of the signing of the memorandum; and that the balance of $6,000 was to be paid at the rate of $30 per month at $4\frac{1}{2}\%$ interest every six months, total purchase price being $9,000. What other construction can possibly be placed on this written memorandum? It is certainly more than a receipt for money.

In his answer to the first amended petition defendant admits that he is the *owner* of land in *Brimfield township,* but avers that he is unable to state from the description given of the property in the petition, whether it correctly describes the real estate, and for want of information denies that the description as set out in the amended petition correctly describes the real estate owned by defendant in *Brimfield township, Portage county, Ohio.* He further denies each and every allegation not admitted to be true.

As a second defense he avers that, under date of January 29, 1943, he gave the plaintiff a receipt as follows: "Received of Stanley Schafer $100 payment on eighty-three acres of land in Brimfield township, $2,900 within sixty days, balance of $6,000 to be paid at $30 per month with interest at $4\frac{1}{2}\%$ every six months." He then denies that this receipt is any contract and agreement for the sale of any particular land in Brimfield township or is a contract for the

sale of any land in Brimfield township; that he at any time agreed to sell to the plaintiff any real estate in Brimfield township, free of all liens, claims and incumbrances; and that he at any time agreed to deliver possession of the premises owned by him in Brimfield township to the plaintiff.

Defendant further avers that at the time plaintiff claims he purchased the premises, they were occupied by a tenant; that plaintiff had full knowledge that these premises were occupied by a tenant; that the tenant refused to surrender possession of the premises; that plaintiff refused to accept title to any of the premises unless the defendant would cause the tenant to vacate the premises; that it was impossible for defendant to cause the tenant to vacate the premises; and that while the defendant did receive $100 from the plaintiff, the $100 has been returned to him. Defendant denies that at any time he entered into a contract in writing with the plaintiff to sell the real estate described in the amended petition and on the terms and conditions set forth in plaintiff's petition, and avers that if it should appear that any agreement of any kind or character was entered into between the plaintiff and defendant for the sale of such real estate in Brimfield township, such agreement was an oral agreement and in violation of the statute of frauds.

A reply was filed which is a denial of each and every and all and singular, the statements and allegations contained in defendant's first, second and third defenses, except such as are admissions set forth in his first amended petition.

The record of evidence submitted in this court consists of some eighty-six pages concerning this transaction to which objection was made by defendant, which objections were preserved and are urged in the trial in this court.

Is the memorandum of agreement, as above indicated, signed by each of the parties, a sufficient note or memorandum under the provisions of Section 8621, General Code, which section provides as follows:

"No action shall be brought whereby to charge * * * a person * * * *upon a contract or sale of lands,* tenements, or hereditaments, or interest in, or concerning them, * * * unless the agreement upon which such action is brought, or some *memorandum or note* thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized." (Italics ours.)

Clearly under such section, if the agreement rested in parol, no action could be brought upon it. This action is not based on a parol contract. The written memorandum or note of the agreement contains the date when executed, and shows partial payment by plaintiff, receipt by defendant of partial payment on farm in Brimfield township, a further amount of $2,900 to be paid within sixty days, when and how balance is to be paid, rate of interest, when interest is to be paid, and total purchase price. Does this note or memorandum set out the essential terms required under the statute of frauds? If not, then this action must fail as the note or memorandum of the agreement must contain the essential terms thereof.

We are frank to say that solution of this question has given us considerable difficulty due to the diversity and irreconcilability of holdings of the courts in this state and throughout the United States generally as well as in the English courts. However, each case stands upon its own bottom. Rarely, if ever, as in construction of wills, does one find two cases identically parallel, and we have examined many cases arising in this state and throughout the country in order to reach a conclusion reasonably satisfactory.

What was the underlying and fundamental reason for the enactment of the statute of frauds and perjuries? Prior to the enactment of the statute of frauds, land could be transferred by parol with livery of seizin. Due to this method of transfer attempts were often made to require transfer by false and fraudulent means, and for this reason the English statute of frauds was enacted requiring a conveyance, or contract to convey, real estate or interest therein to be in writing, and if not so evidenced, such agreements could not be enforced. Subsequent to this enactment, title to real estate could not pass by parol. In other words, if one sold his land or agreed to sell same, such sale, or contract to sell, must be evidenced by writing. Later, in some instances in equity, part performance or fraud required a modification of the strict letter of the statute.

One of the leading cases in Ohio dealing with this question is that of *Kling, Admr.,* v. *Bordner,* 65 Ohio St., 86, 61 N. E., 148, wherein the court said:

"The memorandum in writing which is required by the statute of frauds (Section 4199, Revised Statutes), is a memorandum of the agreement between parties; and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself or some other writing to which it refers, without the necessity of resorting to parol proof."

This doctrine was later approved and followed in the case of *Jacobs* v. *Joseph E. Copp Co.,* 123 Ohio St., 146, 174 N. E., 353.

In the *Bordner case,* the court held that the memorandum was insufficient if it did not contain the essential terms of the agreement. The court in that case

did not in any way indicate what constituted the essential terms of such a contract, and we have been unable to find any case where the court has specifically stated the required essentials in a contract of purchase and sale of real estate. All appear to hold that such a contract must have included therein the essential terms.

In the case at bar are the essential terms included in the memorandum? In other words, is it essential that it states therein when possession by the seller is to be given, who is to pay the taxes and assessments which are a lien on the property at the time, what sort of a deed is to be executed, whether warranty or quit claim, that a mortgage is or is not to be executed by the purchaser to the seller to secure the balance of the purchase price, and a specific description of the land. If any or all of the above enumerated items are essential terms to be included in the memorandum, then plaintiff is not entitled to specific performance of the contract under the holding in *Kling, Admr.,* v. *Bordner, supra.*

In the *Bordner case,* the court quoted Reed on the Statute of Frauds, Section 392, as follows:

" 'First, the memorandum must show an agreement, that is to say, a concluded contract; secondly, it must be intended as evidence of such contract; and, thirdly, it must show the whole contract. A contract, then, must be shown by the writing, in which the minds of the parties have met. The memorandum must be so *reasonably* certain and definite in itself that the contract can be made out without requiring additional proof in parol. "It must contain such words as will enable the court, without danger of mistake, to declare the meaning of the parties; it must obviate the necessity of going to oral testimony and, relying on

treacherous memory, as to what the contract itself was." ' " (Italics ours.)

The court then said:

"No special formality in the execution of the writing is necessary, provided, as held in *Anderson* v. *Harold,* 10 Ohio, 399, it is signed for the purpose of giving it authenticity as an agreement; and the consideration need not be expressed. Nor, is it doubted that a valid agreement may be made upon sufficient consideration, to make provision by will out of one's estate for the benefit of another, or to so dispose of his whole estate; but no promise to do so, which includes real property, is binding unless it is in writing containing the terms of the agreement expressed with *reasonable certainty,* and a sufficiently *definite identification* of the subject matter, as required by the rule above stated." (Italics ours.)

One might reasonably presume that consideration, the price to be paid, would be an essential term of such agreement. However, the court in the *Bordner case,* held that it was not necessary to set forth the consideration. Other courts have held *contra.*

Now as to the claim that this note or memorandum is not sufficient under the statute of frauds in that, first, there is nothing stated therein as to when possession was to be given. There is testimony in the record as to when possession was to be given. We are of the view that the time of taking possession is not such an essential term of the contract that it is required to be included therein. All the details of the transaction need not be included in the contract of sale or contract to sell. The question is: "Was there a sale or contract to sell, and if so is there sufficient in the memorandum to disclose that fact?" Such are the essential terms to be included in the note or memo-

randum. However, eliminating all the parol testimony and evidence as to possession, and nothing appearing in the memorandum to the contrary, we think we may properly assume that possession was to be given at the time of the final closing of the transaction, to wit, on execution and delivery of the deed, such being customary when nothing referable thereto is included in the contract. However we think time of possession, if there was an agreement relative thereto, may be established by parol.

As to payment of taxes, we think this item was not an essential term required to be included in the memorandum. Browne on Statute of Frauds (3 Ed.), 273, Section 269, states: "* * * Nor is there any reason why the statute should be held to cover mere arrangements as to the payment of taxes." We think this item may be established by parol. However, if we are in error concerning the admission of parol evidence to establish this item in the absence of anything in the memorandum to the contrary, it would be the duty of the seller to pay such taxes or special assessments, if any, that were a lien on the property at the time.

As to the character of deed to be executed. We make the same observation as above that in the absence of any provision to the contrary a warranty deed would be required. We think that if any specific agreement was entered into as to the character of the deed to be delivered, such could be established by parol. We are of the view that such details have nothing to do with the question as to whether defendant entered into a contract to convey real estate. These are matters incidental to such contract.

As to whether a mortgage was to be given to secure the purchase money, no such provision is found in the memorandum. Plaintiff is making no complaint on

this score, and appears to be satisfied to execute a mortgage to defendant to secure the deferred payments. Certainly it is not prejudicial to defendant to have this done. In the case of *Ruzicka* v. *Hotovy,* 72 Neb., 589, 101 N. W., 328, the memorandum of the agreement did not specify when the remainder of the consideration was to be paid, nor when the transfer was to be made, nor whether the deferred payments were to be secured by a mortgage. The court held that such details might properly be established by parol evidence; and that defendant was not prejudiced by a decree that plaintiff be required to execute to defendant a mortgage to secure the deferred payments. In *Barry* v. *Coombe,* 26 U. S. (1 Peters), 640, 7 L. Ed., 295, the court held that a court of equity will supply the ordinary incidents to such an agreement such as the ingredients of a complete transfer or usual covenants. See, also, 27 Corpus Juris, 267 *et seq.,* Sections 318, 319, 320 and 321.

The remaining question relates to the identification and description of the land. This particular question has given us some concern for the reason that the authorities appear to hold that in an action for specific performance of a contract for the conveyance of real estate it is essential that the complaint specifically define the property agreed to be conveyed or at least state sufficient facts to establish the basis upon which such description may be made certain by extraneous evidence. Surely every detail relating to the description of the land is not required. In regard to the question, can the land with reasonable certainty be identified, we think that parol evidence is admissible to show the *surrounding circumstances and conditions* existing at the time in order that the trial court may be reasonably satisfied. As bearing on this question

see 49 American Jurisprudence, 134, Section 115. See, also, Browne on Statute of Frauds (3 Ed.), 402, Section 385, wherein the author states that "the subject matter may in any case be identified by reference to an external standard, and need not be in terms explained." And at page 413, Section 396, it is further stated that the memorandum need not state the whole agreement in detail. *Koch* v. *Streuter*, 218 Ill., 546, 75 N. E., 1049; 25 R. C. L., 651, Section 283. This appears to be the general rule.

Can there be any question in the minds of anyone that there was a concluded contract in the case at bar? That is, that there was an agreement of sale containing the essential terms of purchase and sale. Can there be any question that such was the intention of the parties? If not, what was the purpose of drafting this memorandum? What did these parties intend? Clearly defendant intended to sell his farm and plaintiff intended to buy it. We think that this memorandum contains the essential terms. It does not contain the details following the sale but the essential terms of the sale. The property has been reasonably identified, taking into consideration the surrounding circumstances and conditions as disclosed by the record, the answer of defendant, and the land referred to in the lease. There is nothing before us disclosing that defendant owned another farm of about 83 acres in Brimfield township, Portage county, Ohio, or any other Brimfield township. As further identification the lease involving the lands in question was put in evidence by defendant. Can there be any doubt what land was intended to be sold by defendant? Without hesitancy we say it is the eighty-three acre farm owned by defendant at the time of entering into the contract, located in Brimfield township, Portage county, Ohio;

that defendant was to receive $9,000 for such property; that he was paid $100 down; that a portion of the balance, to wit, $2,900 was to be paid in sixty days; and that the balance of $6,000 was to be paid at the rate of $30 per month to bear interest at 4½% payable every six months. Some of the Courts of Appeals of this state and the Court of Appeals of this district appear to have held *contra,* but an examination of those cases will disclose no such circumstances and conditions as are presented in the case at bar and no competent oral testimony to aid the courts, and for those reasons those cases in our judgment are not controlling in the case at bar.

As to the inability of defendant to perform by reason of a tenant being in possession, there is evidence in the record that a tenant was on the farm at the time these parties entered into this memorandum, and that plaintiff had full knowledge of that fact. Nevertheless plaintiff is seeking specific performance of the contract in the light of this fact. Furthermore, the written lease is in evidence, introduced by defendant himself, bearing date 1935 to 1937 and conceding that possession could not have been given when this agreement was entered into, under the theory that tenant was by renewal of the lease on the premises for one year from January 1, 1943. This case was heard *de novo* on March 25, 1944. On January 1, 1944, this cause was pending and the tenant can now claim no right for the year 1944, at this time, superior to plaintiff, even under contract with defendant, as the case was *lis pendens* on and after January 1, 1944. This court hearing the case *de novo* can examine into conditions as now exist to determine the rights of the parties in suit. Even though possession could not have been secured

when the cause was heard in the Common Pleas Court, the condition which prevented such possession no longer prevails at this time. We think this defense is not now available to defendant. There is a line of cases which hold that if a defendant such as in the case at bar, could not deliver possession until a later period of time than agreed upon, there might properly be an abatement of the purchase price to the extent plaintiff was damaged by reason of not securing possession. However, we do not think it necessary to resort to this procedure due to the above conclusion.

In the light of the above observations, we have reached the conclusion that this memorandum is sufficient to disclose a sale of, or at least a contract to sell, the eighty-three acre farm in Brimfield township, Portage county, Ohio; and that such memorandum is in compliance with Section 8621, General Code, and we agree with the decree of the Court of Common Pleas.

A decree may be drawn accordingly.

*Decree accordingly.*

PHILLIPS, P. J., and NICHOLS, J., concur.