Turner, J.
 

 The case before us is to be settled by the correct answer to the question, “Where a decree for specific performance is sought, may parol evidence be received to correct a discrepancy in the description of the land for which the decree is sought?”
 

 We start with the premise that in an action for specific performance courts may
 
 apply
 
 but may not
 
 supply
 
 the description. .No attempt was made to reform the contract.
 

 So far as applicable here, the statute of frauds, Sec7
 
 *296
 
 tion 8621,“General Code, provides as follows:
 

 “No action shall be brought whereby to charge * * * a person * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in, or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith. * * *”
 

 As aptly said by Judge Robinson in
 
 Jacobs
 
 v.
 
 Joseph E. Copp Co.,
 
 123 Ohio St., 146, 154, 174 N. E., 353, "Every statute of fraud contemplates the existence of a cause of action, which, but for the inhibition of the statute, might be maintained. ’ ’
 

 At first blush this may look like a harsh case but the following notations point out the lack of accuracy required' in a case for specific performance, to wit:
 

 1. There is no place or district known as West Richfield township. There is an unincorporated community or crossroads known as West Richfield but the evidence shows that the farm owned by appellees is approximately
 
 l1/^
 
 to 1% miles from such crossroads.
 

 2. There is a conflict in the evidence as to the ownership by appellees of any lands located at the southwest corner of Broadview- and Newton roads. This involves evidence which we do not weigh. (Section 12223-31, General Code.)
 

 In the case of
 
 Kling, Admr.,
 
 v.
 
 Bordner,
 
 65 Ohio St., 86, 61 N. E., 148, it was held:
 

 “The memorandum in writing which is required by the statute of frauds (Section 4199, Revised Statutes), is a memorandum of the agreement between parties; and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may -be understood from the memorandum itself or some other writing to which it refers, without the necessity of resorting to parol proof.”
 

 
 *297
 
 That syllabus was approved and followed by paragraph one of the syllabus of
 
 Jacobs
 
 v.
 
 Joseph E. Copp Co., supra.
 

 In the case of
 
 Sanders
 
 v.
 
 McNutt,
 
 147 Ohio St., 408, 72 N. E., (2d), 72, it was said in the
 
 per curiam
 
 opinion at page 410:
 

 “There can be no dispute upon the proposition that the memorandum must contain a description of the property. However, we are not prepared to hold that the property must be described with the particularity used in a deed or a formal contract.”
 

 The
 
 per curiam
 
 opinion did not question the applicability of the doctrine announced in
 
 Kling, Admr.,
 
 v.
 
 Bordner, supra.
 

 It was pointed out, however, in the
 
 Sanders
 
 v.
 
 McNutt per curiam
 
 opinion at pages 410 and 411:
 

 “Keeping in mind that the instant case has not been tried and that we are now called upon to determine only the sufficiency of the amended petition as against a general demurrer, our consideration is not limited to the memorandum alone
 
 but to all the averments of such petition.
 
 * * * [Italics ours.]
 

 “We think this amended petition discloses that there was a concluded agreement between the parties. It is quite clear from the facts alleged that defendant intended to sell the parcel of .land located in the aforesaid township, county and state, known as 4228 New Portage road, for the sum of $12,500, and that the plaintiffs intended to buy that parcel.
 

 “In view of the facts and circumstances (alleged and admitted by the demurrer to be true) preceding the making of the paper writing and the signing thereof by defendant, we conclude that the terms of the contract to sell are reasonably set forth; that the property is sufficiently identified
 
 as against a general demurrer
 
 * * (Italics ours.)
 

 
 *298
 
 Counsel for appellants are in error if it is sought to convey the inference that reference was had to the memorandum in the instant case when they quote the following from
 
 Sanders
 
 v.
 
 McNutt, supra:
 
 “ ‘The letter (memorandum) furnishes the necessary evidence to prove the agreement in an action for its enforcement.’ ” Such statement was made by the court in the case of
 
 Heaton
 
 v.
 
 Eldridge & Higgins,
 
 56 Ohio St., 87, 101, 46 N. E., 638, 60 Am. St. Rep., 737., 36 L. R. A., 817, and is a part of the quotation from the
 
 Heaton case.
 

 It is argued by counsel for appellants:
 

 “The lower court should have admitted evidence offered by the plaintiffs in explanation of and to
 
 amplify
 
 the written memorandum in order to show the contract between the parties, since the statute of frauds merely requires some written memorandum as evidence of the contract to sell.” (Italics ours.)
 

 ' As said in
 
 Cushing v. Monarch Timber Co.,
 
 75 Wash., 678, 135 P., 660, Ann. Cas. 1914C, 1239, quoted with approval in
 
 Martinson
 
 v.
 
 Cruikshank,
 
 3 Wash. (2d), 565, 568, 101 P. (2d), 604, 605: “Parol evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete as not to definitely describe any land. The description must be in itself capable of application to something definite before parol testimony can be admitted to identify any property as the thing described.” See, also,
 
 Craig
 
 v.
 
 Zelian,
 
 137 Cal., 105, 106, 69 P., 853; and
 
 Daytona Gables Development Co.
 
 v.
 
 Glen Flora Inv. Co.,
 
 345 Ill., 371, 395, 178 N. E., 107, 116.
 

 ,. In the case of
 
 Wilson v. Fisher,
 
 144 Tex., 53, 57, 188 S. W. (2d), 150, 152, it was said:
 

 
 *299
 
 “The certainty of the contract may be aided by parol only with certain limitations. The essential elements may never be supplied by parol. The details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol. But the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing. Thus, resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum. ’ ’
 

 In
 
 Marriner
 
 v.
 
 Dennison,
 
 78 Cal., 202, 208, 20 P., 386, 389, the court said:
 

 “But parol evidence cannot be heard to furnish a description. The only purpose for which such evidence can be heard is to apply the description given to the subject-matter.”
 

 If the agreement upon which the action is brought or some memorandum or note thereof in writing signed by the party to be charged therewith identifies the parties and their respective obligations and the land in question, courts will apply such terms and description even though parol evidence or evidence aliunde is necessary for the full understanding of the terms and descriptions set forth; but a court will not supply any deficiencies in the agreement, memorandum or note thereof, nor will a court be justified in correcting any of the terms where it is not sought first to reform such agreement, memorandum or note.
 

 In the case at bar the land is described as being located in nonexistent West Richfield township. Counsel in their brief say: “We readily admit that a mistake was made by the real estate agent employed by appellees when the term ‘West Richfield twp.’ was
 
 *300
 
 used.” The agreement does not give the township, county or state in which the land is located. The agreement is contained in a writing containing the following heading: “The Cotleur Realty Company, Broadview Corner Royalwood Roads, Brecksville, Ohio, Oct. 14, 1946.” Brecksville is located in Cuyahoga county. The property for which a decree in specific performance is sought is not claimed to be in Cuyahoga county. On the contrary it is claimed that the property about which the agreement was drawn is located in Summit county.
 

 In 19 Ohio Jurisprudence, 605, Section 78, it is said:
 

 “The memorandum must contain a description of the subject matter; an omission thereof is a fatal defect. If an insufficient description is given or there is no description, oral evidence is not admissible in aid of the memorandum, because the court will never receive such evidence both to describe the land, and then to apply the description.”
 

 As no attempt was made to reform this contract we are left to determine whether or not the contract as originally drawn is subject to a decree for specific performance.
 

 A decree for the conveyance of land, if a deed is not executed within the time limit, operates as a conveyance. Therefore, in order that a contract may be enforced by specific performance we' must find within the four corners of the note or memorandum identification of the land in question. We must
 
 apply
 
 the description set forth in the contract and we may not
 
 supply
 
 any other description.
 

 We do not mean to hold that proof aliunde may not be -resorted to in certain cases so long as it is consistent with the description in the contract or memorandum, but we do mean to hold that where there has been no reformation of the contract and the contract
 
 *301
 
 contains as a part of the description the location of the land in a nonexistent township, a decree for specific performance will be refused as such a decree locating the land in a nonexistent township could' not stand as a transfer of any particular land and eve-w a deed given by the defendants (appellees) in pursuance of such decree would not properly identify any land. We do not find it necessary to examine or discuss whether any tender was made to Mary H. Weston, the codefendant.
 

 For the first reason given by the Court of Appeals for denying relief to appellants (plaintiffs), to wit, “That the memorandum relied upon by the appellants is insufficient under the statute of frauds,” the decree of the Court of Appeals should be and hereby is. affirmed.
 

 Decree affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman,. Sohngen and Stewart, JJ., concur.