Steeg et al., Appellants, *v.* Scharenberg et al., Appellees.

[Cite as Steeg v. Scharenberg, 20 Ohio App. 2d 151.]

(No. 6335—Decided November 5, 1969.)

*Messrs. Amer, Cunningham, Cunningham, Brennan & Miller*, for appellants.

*Messrs. Harris, Wise, Barrett & Ferguson*, for appellees Elmer and Georgia Scharenberg.

*Messrs. Quine & Davis*, for appellees Stroup-Bethel, Inc., Ridgeway Acres, Inc., and Ormond R. Bethel.

Hunsicker, P. J. The Court of Common Pleas of Summit County sustained a demurrer to a petition that Ronald P. Steeg and his wife filed against Elmer Scharenberg and his wife, and others, on the ground that such petition did not state a cause of action against the parties defendant. Upon a dismissal of the petition, an appeal on questions of law was lodged in this court by Mr. and Mrs. Steeg, wherein they claim that the sustaining of such demurrer is contrary to law.

Mr. and Mrs. Steeg purchased land known as lot No. 16 from Mr. and Mrs. Scharenberg, and, in their petition, allege that in the contract of purchase they were granted an option to "purchase some land [owned by the Scharenbergs] immediately adjacent and north of lot No. 16, at a price in line with whatever the remaining land is sold."

It is argued, by counsel for the Steegs, that this is a valid, enforceable contract, which entitles the Steegs to specific performance, or, in the alternative, a retention of the action in equity to award damages, where specific performance is impossible.

This court, forty years ago, said:

"The general rule is that where land is described in the memorandum by ownership, acreage and general location, parol evidence is admissible to apply such description to a particular tract of land; but if either the ownership, acreage or location is not stated in the memorandum, and no other particulars are stated which will indicate with reasonable certainty the land intended, parol evidence is not competent: because the court will not receive such evidence both to describe the land and then to apply the description." *Carpenter* v. *Deckert*, 7 Ohio Law Abs. 330.

The allegation of the petition does not describe what land is to be conveyed, or the price to be paid. The petition says that Scharenbergs owned twenty-seven acres, but what amount Steegs were to get was not set out in the alleged agreement made when lot No. 16 was purchased.

In a case arising out of this court, *Schmidt* v. *Weston*, 150 Ohio St. 293, the Supreme Court of Ohio said (paragraph two of the syllabus):

"Parol evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete or incorrect as not to identify the land. The description must be in itself capable of application to something definite before parol testimony can be admitted to identify any property as the thing described."

In the contract under review, "some land," as set out therein, is so indefinite that one cannot, with any degree of accuracy, tell which land the Steegs were entitled to purchase. Before a court can decree specific performance, the land to be judicially ordered transferred must be definite and readily ascertainable. It is apparent that the demurrer was well directed to this deficiency in the petition.

We come now to the argument that the trial court was required to retain the case in order to award damages, where specific performance was impossible. We think this argument, under the facts alleged in this petition, to be untenable. While it is true that equity will retain an action to assess damages for the violation of a contract, where it is impossible for a defendant to specifically perform the agreement, or for a court to decree such performance by reason of the destruction of the subject matter, or the sale to third parties of such subject matter, that is not the situation we have here. See: *Alexander* v. *Greenfield*, 94 Ohio App. 471; *Rees* v. *Smith*, 1 Ohio 124 at 131.

Equity will, in a proper case, retain the matter for the assessment of damages, but the *sine qua non* is a contract that may be enforced in equity. We do not have such a contract before us.

It is the conclusion of this court that the demurrer was properly sustained.

The judgment must be affirmed.

*Judgment affirmed.*

Doyle and Brenneman, JJ., concur.