(No. 285—Decided September 4, 1973.)

*Mr. Joseph J. Chillinsky,* for appellants.
*Mr. Charles R. Kirk* and *Messrs. Hall & Hedrick,* for appellee.

Victor, J. The plaintiffs (appellants), C. W. and Betty Jean Stanfield, seek specific performance of an alleged contract for the sale of real estate. Plaintiffs maintain that the defendant (appellee), Muriel Fisher, contracted to sell to the Stanfields real estate located in Clinton County, Ohio, and then breached the contract by selling it to another. Fisher denied all material allegations of the complaint.

At a hearing on a motion of the Stanfields for a temporary injunction, testimony was given and documentary evidence was introduced by all parties, after which Fisher orally moved for a ''peremptory judgment'' in her favor for the reason that ''the record showed that there was no binding legal agreement between the parties for the sale and purchase of real estate.'' This oral motion was later reduced to writing, and it was granted; whereupon, the complaint was dismissed and final judgment entered for Fisher. The Stanfields timely appealed from that judgment, declaring that the court erred in making such an order.

On June 30, 1972, the Stanfields wrote to Muriel Fisher, stating as follows:

"We, the undersigned, do hereby make the following offer to Mrs. Muriel M. Fisher to purchase the Seminole Stock Farm, at $500.00 per acre. * * *

[Then followed some provisions relative to price, taxes, insurance, etc.]

"More details must be clarified, before formal contract is made."

"C. W. Stanfield  (sgd)<br>
"Betty Stanfield  (sgd)<br>
"M. W. Stanfield  (sgd)"

In response, Muriel Fisher, by letter from Coral Gables, Florida, dated July 12, 1972, stated:

"Dear Mr. and Mrs. Stanfield:

"I have given considerable thought to your offer to purchase my farm.

"Because we have owned this farm for many years, we have a keen interest in seeing that it is maintained. * * * Knowing of the fine way in which you maintain your farm, I can rest assured you will do the same if and when you acquire my farm.

"As you know, I wish to hold out the small house and adjoining 10 acres. I am willing to sell the remainder of the farm, consisting of 335 acres of land. Included will be the large brick house, 2 barns, and all other improvements. * * *

[Then followed statements relative to price, taxes, insurance, closing costs, etc.]

"In the event this offer meets with your approval, please sign and return the copy of this letter in the self-addressed envelope. We will prepare, sign, and forward a land sales contract for execution by you. Naturally, I prefer this offer to remain confidential * * *.

"Sincerely yours,<br>
"Muriel Fisher  [sgd].

"Accepted this 20th day of July, 1972.

"Clarence W. Stanfield  [sgd].<br>
"Betty Jean Stanfield  [sgd]."

The Stanfields contend that, by their acceptance of the above offer, a contract resulted, and they are entitled to the specific performance thereof.

Fisher contends that the Stanfields are not entitled to specific performance because there was no contract to be specifically enforced; that the Fisher letter of July 12, 1972, was merely a letter of intent, and that a formal contract was to be prepared by Fisher and forwarded to the Stanfields. We agree.

However, we find that an even more cogent reason exists for denying specific performance. A contract for the sale of land must definitely point out the particular land to be conveyed, or must furnish the means of identifying it with certainty, before specific performance will be ordered. *Schmidt* v. *Weston,* 150 Ohio St. 293.

The Fisher letter of July 12, 1972, speaks only of "my farm." There is no indication of where it is located, and there is no description of the 335 acres to be conveyed after the "small house and adjoining 10 acres" have been reserved. Furthermore, where are the 10 acres located, and how are they to be measured? Obviously, the particular land to be conveyed has been indefinitely described. Actually, the memorandum gives neither the township, county, or state, in which "my farm" is located. Under such circumstances, the court may not decree specific performance. See, also: *Steeg* v. *Scharenberg,* 20 Ohio App. 2d 151; *Hotze, Kuntzler & Co.* v. *Erskine,* 99 Ohio App. 17.

The trial court properly dismissed the complaint. The judgment order is affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and HUNSICKER, J., concur.

BRENNEMAN and VICTOR, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District. HUNSICKER, J., retired, assigned to duty pursuant to Section 6 (C), Article IV of the Constitution.