JUDGMENT: Judgment affirmed.
OPINION
The defendants-appellants, Floyd and Rita Meyers ("appellants"), appeal the decision of the Seneca County Court of Common Pleas granting judgment in favor of the appellees, Richard and Deborah Fletcher ("appellees"). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts in this case are as follows. On or about January 14, 1997, the appellants executed a Limited Showing Agreement with the Wendt Group Auction and Real Estate Co. for the purpose of placing approximately nineteen acres of land on the market. The land in question was located on Township Road 183 in Seneca County, Ohio and was commonly referred to as the "Meyers Woods." On the same date, the appellants also executed an Agency Disclosure Statement, which designated the Wendt Group and Vic Smith, Jr. as the broker and salesman authorized to sell the land.
Also on the same date, January 14, 1997, Smith presented a Real Estate Purchase Contract for the purchase of approximately nineteen acres of the land to the appellees. The appellees signed the contract and returned it to Smith with a deposit of $3600.00. In the contract, the appellees offered to purchase the land for a price of $1900.00 per acre with the exact acreage to be determined by a survey. Smith presented the contract to the appellants who accepted the appellees' offer on January 20, 1997.
Several days later, Appellant Floyd Meyers, Appellee Richard Fletcher, Fletcher's son, and Smith met on the land in question. The purpose of this meeting was to mark the boundaries of the property being sold to the appellants. The parties spent from forty-five minutes to an hour placing four spray-painted steel posts on the land outlining the boundaries of the property to enable a survey to be completed. As required by the contract, the appellees retained a licensed surveyor to provide the metes and bounds legal description of the property. A legal description was needed before a deed to the land could be prepared.
On February 14, 1997, Appellant Rita Meyers telephoned the surveyors and told them to stop the survey work on the property in question. Rita Meyers indicated they were no longer interested in selling the land. The parties had no further contact.
On May 28, 1997, the appellees filed a complaint in the Seneca County Court of Common Pleas seeking specific performance. A bench trial was held on April 12, 1999 and on April 27, 1999, the trial court rendered judgment in favor of the appellees. It is from this decision that the appellants appeal asserting one assignment of error.
 Assignment of Error The decision of the lower court that the parties ". . . entered into a valid enforceable real estate purchase contract," is contrary to law and violates the statute of frauds in that said document fails on its face to sufficiently, legally and reasonably describe and identify the real estate to be sold, and as a result the appellants have been substantially prejudiced thereby and the judgment should be reversed as a matter of law. [sic]
 The appellants allege that the trial court erred by finding that an enforceable contract existed between the parties. The appellants contend that the Real Estate Purchase Contract was violative of the statute of frauds and therefore was not enforceable.
First, it is necessary to set forth the standard of review in this matter. It is well established that a reviewing court is guided by a presumption of correctness of the trial court proceedings and judgment. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Thus, as a reviewing court we must defer to that presumption when an appellant complains that the judgment is against the manifest weight of the evidence, if, after a thorough review of the record, we find that there is any "competent, credible evidence" that supports the judgment. C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280, Reilley v.Richards (1994), 69 Ohio St.3d 352. The Supreme Court of Ohio further admonishes that an appellate court must not substitute its judgment for that of the trial court based upon its own opinion as to the veracity of the witnesses or the reliability of the evidence presented, as the trier of fact is in the best position to make such determinations. In re Estate of Shepard (1994),97 Ohio App.3d 280, Security Pacific Natl. Bank v. Roulette (1986),24 Ohio St.3d 17.
With these standards in mind, we turn to the appellants' contention that the Real Estate Purchase Contract does not satisfy the statute of frauds, which requires certain contractual agreements to be in writing. In Ohio, the statute of frauds is codified in R. C. § 1335.05 and provides in relevant part the following.
 No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, * * *; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.
To satisfy the statute of frauds, the memorandum must (1) identify the subject matter, (2) demonstrate a valid contract between the parties and (3) state the essential terms with reasonable certainty. North Coast Cookies, Inc. v. SweetTemptations, Inc. (1984), 16 Ohio App.3d 342. In a contract for the sale of land, one of the essential terms is a description of the property to be sold. Alford v. Moore (Nov. 30, 1998), Clermont App. No. CA98-04-026, unreported.
In this case, the real estate purchase contract signed by both parties describes the parcel to be sold as the Meyers Woods on TR 183 situated in Seneca County, Ohio. The contract further provides that the parcel is approximately nineteen acres in size. The appellants argue that this description alone is not sufficiently definite to satisfy the statute of frauds and that the trial court relied on parole evidence to identify the parcel.
In Schmidt v. Weston (1948), 150 Ohio St. 293, the Supreme Court of Ohio stated that:
 Parole evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete or incorrect as not to identify the land. The description must be in itself capable of application to something definite before parole testimony can be admitted to identify any property as the thing described. (Emphasis added.)
In its Judgment Entry, the trial court concluded that "the essential terms of the Real Estate Purchase Contract were stated with reasonable certainty, i.e. (i) the "Meyers Woods" of approximately 19 acres, (ii) the location of the "Meyers Woods" was on Township Road 183 in Seneca County, Ohio, (iii) the purchase price was $1900.00 per acre, (iv) the exact number of acres would be determined by a survey, (v) the cost of the survey would be paid for by the plaintiffs." All of the above facts are contained within the four corners of the Real Estate Purchase Contract. There is no indication that the trial court relied on parole evidence to reach these conclusions of fact. Therefore, the trial court's decision was supported by competent, credible evidence.
The appellants cite a First District appellate case Stanfieldv. Fisher (1973), 37 Ohio App.2d 48, as support for their argument. In the Stanfield case, the court held that specific performance was not warranted where the only description of the property to be sold was the phrase "my farm." In the memoranda the defendant indicated an intention to reserve part of the farm and sell the remainder, but failed to indicate what portion she wished to sell. Also the township, county, or state in which the farm was located was never mentioned.
The case sub judice is distinguishable from the Stanfield
case in that the location of the parcel was mentioned in the contract. The contract specifically stated that the land in question was on Township Road 183 in Seneca County, Ohio and the appellants owned only one parcel located on Township Road 183. Furthermore, the contract stated it was nineteen acres of the Meyers Woods that was to be conveyed. While this land contained trees in various places, there was only one section that could constitute a woods and that section was approximately nineteen acres in size.
After a thorough review of the Real Estate Purchase Contract, we conclude that the trial court's judgment is supported by competent, credible evidence. The trial court did not err in determining that the appellants and the appellees had entered into a valid enforceable agreement. Therefore, the appellants' sole assignment of error is overruled.
Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed
BRYANT, P.J., and WALTERS, J., concur.