OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, June Tobin, Administrator of the Estate of Homer Humberston, appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Plaintiff-Appellee, Anderson McGee. At issue is whether a document signed by the parties is a contract for the sale of real estate that complies with the statute of frauds.
 {¶ 2} Tobin first argues the document fails to comply with the statute of frauds because it does not clearly identify the subject matter of the contract. But the statute of frauds does not require that the property be identified with the specificity of a deed or formal contract and the Ohio Supreme Court has held that identifying property by street address without giving the city, county, or state where that address is located complies with the statute of frauds. The document in this case lists a parcel number, followed by an acreage amount. This description definitively identifies the property being sold, so it complies with the statute of frauds.
 {¶ 3} Tobin then claims that the document does not contain all the essential terms of the contract. But the essential terms to a contract for the sale of land are the identity of the parties, the identity of the land, and the sale price. This document contains all of those terms. The other contractual terms Tobin complains of are ancillary.
 {¶ 4} For these reasons, the trial court's decision is affirmed.
 Facts {¶ 5} On May 26, 1997, Homer Humberston died intestate. The Mahoning County Probate Court subsequently appointed Tobin as ancillary administrator of his estate.
 {¶ 6} Humberston owned, among other things, five parcels of property at the time of his death. McGee was interested in buying the property. After some discussion with Tobin, he and Tobin signed a document that provided as follows:
 {¶ 7} Humberston Estate plus mineral rights

 Total Price 119,500.00 (House and all land)
 Deposit 5000.00
 __________
 114,500.00
 Acres
 50-012-0-004.01-0 2.262 (House)
 50-012-0-005.00-0 1.238
 50-012-0-004.00-0 29.334
 50-012-0-007.00-0 26.050
 50-012-0-017.00-0 1.802
 Signed Anderson McGee
 June Tobin Pers. Rep.
 {¶ 8} After signing this document, Tobin refused to sell the property for the amount stated in the document. Accordingly, McGee filed a complaint, seeking specific performance on the contract. Tobin denied the document was a contract and asserted that it did not comply with the statute of frauds. McGee then moved for summary judgment, claiming the document was a contract for the sale of real estate and that it complied with the statute of frauds. Tobin responded to this motion with a cross-motion for summary judgment. Each party then filed supplemental briefs in support of and opposing the various motions for summary judgment. The magistrate issued a decision granting McGee's motion for summary judgment and denying Tobin's cross-motion.
 {¶ 9} Tobin objected to the magistrate's decision, but the trial court overruled those objections and adopted the magistrate's decision as its own. Tobin appealed the trial court's decision, but this court dismissed the appeal because the trial court's order was not a final appealable order. On remand, the trial court issued an order which granted summary judgment to McGee, denied Tobin's motion for summary judgment, and ordered that Tobin perform her obligation under the contract.
 Standard of Review for Summary Judgment {¶ 10} In her sole assignment of error, Tobin argues:
 {¶ 11} "The trial court erred to the prejudice of Defendant-Appellant by overruling Defendant-Appellant's objection to magistrate's decision, overruling Defendant-Appellant's motion for summary judgment, and granting Plaintiff-Appellee's motion for summary judgment, all of which occurred in the trial court's judgment entry of April 20, 2004."
 {¶ 12} In this assignment of error, Tobin claims the memorandum in this case does not comply with the statute of frauds for two reasons. First, she argues that the memorandum does not identify the subject of the agreement with sufficient particularity since it only identifies the property by permanent parcel numbers without either identifying those numbers as permanent parcel numbers or stating what political subdivision issued those numbers to those parcels. Second, she contends that the memorandum does not describe the essential terms of the agreement since it contains no words of sale, terms of payment, or date of performance.
 {¶ 13} Because Tobin is challenging the trial court's decision granting summary judgment to McGee, we use the same standard as the trial court and review its decision de novo. Parenti v. Goodyear Tire RubberCo. (1990), 66 Ohio App.3d 826, 829. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v.Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-0186.
 {¶ 14} In a motion for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt, 75 Ohio St.3d 280, 296, 1996-Ohio-0107. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 Statute of Frauds {¶ 15} "In Ohio, the statute of frauds is embodied in R.C. Chapter 1335 and acts as an evidentiary safeguard requiring certain agreements to be in writing, including agreements to answer for a debt of another, transferring or creating an interest in land, for the consideration of marriage, and those that cannot be performed within a year." StonecreekProperties, Ltd. v. Ravenna Sav. Bank, 11th Dist. No. 2002-P-0129,2004-Ohio-3679, ¶ 32. R.C. 1335.05 applies to real estate sales and provides:
 {¶ 16} "No action shall be brought whereby * * * to charge a person * * * upon a contract or sale of lands * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 17} In order to satisfy the statute of frauds, a signed memorandum must 1) identify the subject matter of the agreement; 2) establish that a contract has been made; and 3) state the essential terms of that contract with such clearness and certainty that they may be understood from the memorandum itself, or some other writing to which it refers, without the necessity of resorting to parol proof. Kling v. Bordner (1901),65 Ohio St. 86, paragraph one of the syllabus; Landskroner v.Landskroner, 154 Ohio App.3d 471, 2003-Ohio-4945, ¶ 23; Beggin v. Ft.Worth Mtge. Corp. (1994), 93 Ohio App.3d 333, 339; N. Coast Cookies,Inc. v. Sweet Temptations, Inc. (1984), 16 Ohio App.3d 342, 348;Salmons v. Bowers (Sept. 3, 1999), 7th Dist. No. 97-CO-31. These requirements "ensure that transactions involving a transfer of realty interests are commemorated with sufficient solemnity. A signed writing provides greater assurance that the parties and the public can reliably know when such a transaction occurs. It supports the public policy favoring clarity in determining real estate interests and discourages indefinite or fraudulent claims about such interests." N. Coast Cookies
at 348.
 Identification of Property {¶ 18} The memorandum at issue in this case does not describe the property by address, the political subdivision it is located within, or by legal description. Instead, the document lists a number, which the parties acknowledge on appeal is a permanent parcel number, followed by an acreage amount. At issue is whether this is a sufficient description of the property to comply with the statute of frauds.
 {¶ 19} The Ohio Supreme Court has held that the statute of frauds does not require that real estate "be described with the particularity used in a deed or a formal contract. To so hold would render nugatory the provision of the statute that `unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith.'" (Emphasis sic.) Sanders v.McNutt (1947), 147 Ohio St. 408, 410. Rather, to comply with the statute of frauds, the memorandum "must definitely point out the particular land to be conveyed or must furnish the means of identifying it with certainty." Schmidt v. Weston (1948), 150 Ohio St. 293, paragraph three of the syllabus.
 {¶ 20} Courts have approved a variety of different ways in which parties have chosen to describe property subject to the statute of frauds. For instance, identifying the subject of the agreement as "property located at 4228 New Portage road" without describing the property in any other way satisfies the statute of frauds. Id. Likewise, identifying property as "the store at Beachwood Place Mall in Beachwood, Ohio known as Sweet Temptations" satisfies the statute of frauds. N.Coast Cookies at 349; see also Mason v. Meyers, 3rd Dist. No. 13-99-13, 1999-Ohio-0943 (Identifying property "as the Meyers Woods on TR 183 situated in Seneca County, Ohio," satisfies the statute of frauds);Walkana v. Hanna (Oct. 28, 1988), 7th Dist. No. 87 C.A. 174 (Identifying property as "10251 Calla Road, Green Township, Salem, Ohio," satisfies statute of frauds). As the Ohio Supreme Court said in Schmidt, these descriptions are sufficient because they can be applied and no other information need be supplied. Id. at 300.
 {¶ 21} The same holds true in this case. Here, the property is described as a certain amount of acreage and is identified by a permanent parcel number. This information definitely points out the particular land to be conveyed or furnishes the means of identifying it with certainty. Thus, it complies with the statute of frauds.
 {¶ 22} It is important to distinguish this case from the cases Tobin relies upon in her brief. This is not a case, like Schmidt, where the memorandum incorrectly describes the property. McGee is not asking us to consider parol evidence to correct the information in the memorandum; rather, he is asking us to recognize the validity of the description of the property in the memorandum. This case is also not like Stanfield v.Fisher (1973), 37 Ohio App.2d 48, since identifying the property by permanent parcel number and acreage is certainly more specific that identifying it as "my farm." The description of the property in the memorandum furnishes the means of identifying the land being sold with certainty. Tobin's arguments to the contrary are meritless.
 Essential Terms of the Agreement {¶ 23} Tobin next claims that the memorandum does not describe the essential terms of the agreement since it contains no words of sale, terms of payment, or date of performance. Basically, Tobin is claiming that this memorandum cannot memorialize a sale of real estate since all it lists is five pieces of real estate, a price, and a deposit.
 {¶ 24} Because the statute of frauds only requires that the memorandum contain the essential terms of the agreement, it need not contain all the terms of the agreement. N. Coast Cookies at 349. This is similar to the more general rule that parties cannot enter into an enforceable contract unless they come to a meeting of the minds on the essential terms of the contract. See Alligood v. Procter Gamble Co. (1991),72 Ohio App.3d 309, 311. In those cases, courts have identified the essential terms of a contract as "the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term, and a price term." Id. This does not change in the statute of frauds context. Accordingly, a contract does not violate the statute of frauds merely because the writing does not state a specific date for performance. N. Coast Cookies at 349; Schafer v. Faylor (1944),74 Ohio App. 533, 539. "A contrary rule would require every written contract for the sale of realty interests to contain the date for transfer of possession. Common experience rejects such a rule." Id. Likewise, a written contract for a sale of land need not include the character of the deed to be executed, specify who should pay taxes on the sale, or state whether a mortgage must be given to secure the purchase money in order for the contract to comply with the statute of frauds.Schafer at 540.
 {¶ 25} In this case, the written document clearly identifies the parties to the contract, identifies the subject of the contract, states the quantity of land being sold, and states the "total price" for the "house and all land." These are the essential elements of this sale. The things Tobin claims are missing, such as terms of payment or date of performance, are ancillary matters; they are not essential to the fact that this document shows that Tobin agreed to sell this land to McGee for a particular price in her capacity as the administrator of the Humberston estate. Tobin's arguments to the contrary are meritless.
 Conclusion {¶ 26} Tobin argues this sale violates the statute of frauds because the property being sold is not clearly identified and because the document does not contain all the essential terms of the agreement. These arguments are both meritless. The description of the property furnishes the means of identifying the land being sold with certainty. Furthermore, the memorandum states all the essential elements of the contract. Accordingly, Tobin's arguments are meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.