By the Court.
 

 The sole question to be determined is whether the amended petition alleges facts sufficient to constitute a cause of action.
 

 The answer to that question depends in part upon the proper construction of certain language found in Section 8621, General Code, as follows:
 

 “No action shall be brought whereby to charge the
 
 *410
 
 defendant * * * upon a contract or sale of lands * * * unless the agreement upon which such action is brought,
 
 or some memorandum or note thereof, is in ivriting, and signed by the party to be charged therewith,
 
 or some other person thereunto by him or her lawfully authorized.” (Emphasis added.)
 

 The statute (Section 8621, General Code) was conceived and enacted to prevent fraud and perjury.
 

 Plaintiffs claim that the paper writing dated March 5,1945, and signed by the defendant is a sufficient compliance with the statute. Defendant claims the contrary. The insufficiency relied upon by the defendant is in the matter of description.
 

 The Court of Appeals was of opinion that the memorandum pleaded was insufficient for the reason it did not indicate the city, county or state wherein the property is located.
 

 There can be no dispute upon the proposition that the memorandum must contain a description of the property. However, we áre not prepared to hold that’ the property must be described with the particularity used in a deed or a formal contract. To so hold would render nugatory the provision of the statute that “unless the agreement upon which such action is brought,
 
 or some memorandum or note thereof,
 
 is in writing, and signed by the party to be charged therewith.”
 

 Keeping in mind that the instant case has not been tried and that we are now called upon to determine only the sufficiency of the amended petition as against a general demurrer, our consideration is not limited to the memorandum alone but to all the averments of such petition. It is alleged therein that defendant owned a certain parcel of land situated in Franklin township, Summit county, Ohio, which is described by metes and bounds; that such premises are also known as 4228 New Portage road; and that defendant agreed to sell and plaintiffs agreed to buy the described prem
 
 *411
 
 ises for the sum of $12,500 — $300 cash and the balance at the time of delivery of a good and sufficient deed. The memorandum discloses that the defendant acknowledged receipt of $300 as a binder on the sale of property located at 4228 New Portage road, total purchase price to be $12,500. The truth of those allegations are admitted by the demurrer.
 

 In the case of
 
 Heaton
 
 v.
 
 Eldridge & Higgins,
 
 56 Ohio St., 87, at pages 100 and 101, 46 N. E., 638, 60 Am. St. Rep., 737, 36 L. R. A., 817, it is said:
 

 “The language of the statute under consideration, that no action shall be brought on any agreement therein mentioned, unless it, or ‘some memorandum or note thereof is in writing and signed by the party to be charged, ’ fairly imports that the agreement precedes the written memorandum, and may exist as a complete and valid agreement, independent of the writing. The memorandum, which is merely the evidence of the contract, may be made and signed after the completion of the agreement, and even a letter from the party to be charged, reciting the terms of the agreement, is sufficient to satisfy the requirements of the statute; but it cannot be said that the letter constitutes the agreement; that was made when the minds of the parties met with respect to its terms, and the letter furnishes the necessary evidence to prove the agreement in an action for its enforcement.”
 

 The court there was considering a statute then numbered Section 4199, Revised Statutes, now Section 8621, General Code.
 

 We think this amended petition discloses that there was a concluded agreement between the parties. It is quite clear from the facts alleged that defendant intended to sell the parcel of land located in the aforesaid township, county and state, known as 4228 New Portage road, for’the sum of $12,500, and that the plaintiffs intended to buy that parcel:
 

 
 *412
 
 In view of the facts and circumstances (alleged and admitted by the demurrer to be true) preceding the making of the paper writing and the signing thereof by defendant, we conclude that the terms of the contract to sell are reasonably set forth; that the property is sufficiently identified as against a general demurrer; and that under the averments of the amended petition evidence may be adduced to prove that it was the plaintiffs and the defendant who entered into the agreement for the purchase and sale of the property involved.
 

 It follows that the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas should be and hereby is reversed, and the cause is remanded to the Court of Common Pleas with instructions to overrule the demurrer and for further proceedings in accordance with law.
 

 Judgment reversed.
 

 Turner, Matthias, Bell and Sohngen, JJ., concur.
 

 Weygandt, C. J., and Zimmerman, J., dissent.
 

 Hart, J., not participating.