MARO et, Plaintiffs-Appellees, v. BORAK et, Defendants-Appellants.

Ohio Appeals, Seventh District, Mahoning County.

No. 4043.    Decided October 9, 1959.

Mr. *Anthony F. Pacella*, for plaintiffs-appellees.
Mr. *Frank Woychik*, for defendants-appellants.

Phillips, J. The question presented by defendants' appeal on questions of law from a judgment of the court of common pleas is whether plaintiff could compel specific performance of an oral agreement it made with defendant, John Borak, to sell real estate, the title to which resided in defendant, Amelia Borak.

Defendant, John Borak, orally agreed with plaintiffs, a partnership doing business as Maro Brothers, to sell, and accepted a down payment of $100.00 to bind such sale, five building lots situated in Campbell, Mahoning County, Ohio. Defendant, John Borak, tendered back the down payment, but plaintiffs refused to accept it. Defendant, Amelia Borak, refused to convey title to such lots, and an action for specific performance was filed in the court of common pleas. Plaintiffs prevailed in the action for specific performance.

As applicable Section 1335.05, Revised Code, provides:—

"No action shall be brought whereby to charge the defendant, * * *, * * *; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

It is said in 81 Corpus Juris Secundum, Section 29, Page 475, that:—

"A contract of sale made by a husband or wife alone, without his or her spouse being a party thereto, cannot be specifically enforced against the spouse who is not a party, unless the latter authorized, adopts, or confirms the contract, or is estopped to dispute it."

In 37 Corpus Juris Secundum, Page 666, Section 181, it is said:—

"To be sufficient as a memorandum under the statute, a writing must be complete in itself, leaving nothing to rest in parole. It must contain all the essential elements or material parts of the contract evidenced by it."

This court dismissed defendants' appeal on questions of law and fact for failure to file bond on authority of *Damar Realty Co.* v. *City of Cleveland*, 140 Ohio St., 432.

Defendants contend this court erred to their prejudice in dismissing the "and fact" portion of the appeal, and that the trial judge erred in the following respects:—

"1. The trial court erred in overruling defendant's motion for judgment on the pleadings after plaintiff's opening statement; also at the conclusion of plaintiff's case and at the conclusion of the defendant's case.

"2. The trial court erred in overruling defendant's motion for dismissal of the petition as against Amelia Frances Borak at the conclusion of the case.

"3. The findings and judgments of the trial court are not sustained by sufficient evidence and are contrary to law.

"4. The trial court erred in overruling defendant's motion for a new trial."

After hearing the evidence, the court found on the issues joined for the plaintiffs. The court found defendant, Amelia Frances Borak, authorized her husband, John J. Borak, to sell the property described in plaintiff's petition; that an agreement was drawn in accordance with such authorization, and said agreement included an implied waiver of dower; that said agreement was not in violation of the Statute of Frauds; that plaintiffs are entitled to and defendants are ordered to convey the real property to plaintiffs by a good and sufficient warranty deed, free and clear of any encumbrances, and according to the terms of the agreement between the parties.

Plaintiffs' evidence clearly indicates defendant, John J. Borak, was lawfully and expressly authorized by defendant, Amelia Frances Borak, to sign the memorandum as her agent; that she approved the final selling price of $800.00, and directed her husband to sign the memorandum by saying "well, if that's all we can get, sign it"; that she participated in preparing the memorandum in that she furnished the lot numbers to her husband by reading the numbers from a document; that Mrs. Borak actually received the deposit money of $100.00 from her husband in the plaintiffs' presence, as her husband stated he did not wish to mix it with the money he received from the building permits.

Agency was clearly established in this case.

Interpreting the statute of frauds, Section 1335.05, Revised Code, the case of *Kling* v. *Bordner*, 65 Ohio St., 86, the case of *Sanders* v. *McNutt*, 147 Ohio St., 408, and 2 Ohio Jurisprudence (2nd), page 91 (Agency), as we do, considering the written

memorandum of the parties in the light of the evidence submitted to us we can not reverse the judgment of the trial court for the reasons assigned because we conclude, as did the supreme court in the case of *Sanders* v. *McNutt*, 147 Ohio St., 408, at page 412, that:—

"\* \* \* the terms of the contract to sell are reasonably set forth; that the property is sufficiently identified as against a general demurrer; and that under the averments of the amended petition evidence may be adduced to prove that it was the plaintiffs and the defendant who entered into the agreement for the purchase and sale of the property involved."

The trial judge saw the witnesses and heard them testify and had the opportunity of observing their demeanor upon the witness stand, which the members of this court were denied.

In a well written dissenting opinion in the case of *Haley* v. *Ohio*, United States Reports Volume 332, page 596, at page 624, the language of which is as applicable to judge as jury, it is said:—

"Until a better way is found for testing credibility than by the examination of witnesses in open court, we must give trial courts and juries that wide discretion in this field to which a living record, as distinguished from a printed record, logically entitles them. In this living record there are many guideposts to the truth which are not in the printed record. Without seeing them ourselves we will do well to give heed to those who have seen them."

In the case of *Rittenour* v. *Smith*, 107 Ohio App., 119, at page 123, it is said:—

"\* \* \* In *Johnson* v. *Tilden*, 23 C. C. (n. s.), 161, 34 C. D.,

" 'In an action in equity for the rescision of a contract, heard upon a transcript of the evidence in the court below where there is some uncertainty as to the weight of the evidence, an appellate court will accept the conclusions of the trial court which saw the witnesses face to face, and had better opportunity to judge of their credibility.' "

The judgment of the court of common pleas is affirmed.

GRIFFITH, P. J., and DONAHUE, J., concur.