[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bank of New York Mellon v. Rhiel*, Slip Opinion No. 2018-Ohio-5087.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5087

BANK OF NEW YORK MELLON *v.* RHIEL, TRUSTEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Bank of New York Mellon v. Rhiel*, Slip Opinion No. 2018-Ohio-5087.]

*Certified questions of state law—The failure to identify a signatory by name in the body of a mortgage agreement does not render the agreement unenforceable again that signatory—A person who is not identified in the body of a mortgage but who signed and initialed the mortgage mortgages his interest in the property when the mortgage as a whole evinces an intent to be bound by the signature.*

(No. 2017-0870—Submitted February 13, 2018—Decided December 20, 2018.)

ON ORDER from the Bankruptcy Appellate Panel of the United States Sixth Circuit Court of Appeals, Certifying Questions of State Law, No. 16-8042.

_____

**DEGENARO, J.**

{¶ 1} This matter is before the court on the certification of two state-law questions from the Bankruptcy Appellate Panel for the United States Sixth Circuit Court of Appeals. The panel asks whether a mortgage is invalid and unenforceable against the interest of a person who has initialed, signed, and acknowledged the mortgage agreement but who is not identified by name in the body of the agreement.

{¶ 2} For the reasons that follow, we hold that the failure to identify a signatory by name in the body of a mortgage agreement does not render the agreement unenforceable as a matter of law against that signatory. It is possible for a person who is not identified in the body of a mortgage, but who has signed and initialed the mortgage, to be a mortgagor of his or her interest.

## Background

{¶ 3} The note and mortgage that give rise to the certified questions are not before us. However, the following factual and procedural history is gleaned from the order of certification from the Bankruptcy Appellate Panel for the United States Sixth Circuit Court of Appeals, the memorandum opinion and order from the United States Bankruptcy Court, Southern District of Ohio, Eastern Division, and the facts either agreed upon or not disputed by the parties in their briefs.

{¶ 4} In 2014, Vodrick and Marcy Perry filed bankruptcy under Chapter 7 of the Bankruptcy Code. Respondent, Susan L. Rhiel, is the trustee of the bankruptcy estate. A mortgage on a particular piece of residential real property in the bankruptcy estate became the subject of contention. Petitioner, Bank of New York Mellon, is the holder of a promissory note and mortgage encumbering the property. The trustee sought a declaration that the mortgage did not encumber Marcy's interest in the property.

## The mortgage and related instruments

{¶ 5} The general warranty deed to the property was issued to both Marcy and Vodrick with joint survivorship rights. The note held by the bank is signed and

2

initialed by Vodrick only. Both Marcy and Vodrick signed the mortgage, and they acknowledged signing the mortgage before a notary public.

{¶ 6} The first section of the mortgage defines the "Borrower" as Vodrick. It then defines "Note" as the promissory note signed by the borrower and obligating the borrower for the debt. The mortgage provides that in order to secure repayment on the note, the borrower is mortgaging the property described later in the mortgage. The description of the property does not limit the mortgage to Vodrick's partial interest.

{¶ 7} The mortgage later contains terms that apply to a borrower who did *not* sign the promissory note. No name was used to identify the borrower in this paragraph:

> "[A]ny Borrower who co-signs this Security Instrument but does not execute the Note (a 'co-signer'): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent."

*In re Perry*, 558 B.R. 204, 207 (2016), quoting the mortgage.

{¶ 8} Toward the end of the mortgage, Vodrick's name is typed next to the designation of "Borrower," and Marcy's name is handwritten next to the designation of "Borrower." Marcy and Vodrick each signed the mortgage above their respective name and designation. Marcy and Vodrick also each initialed every

page of the mortgage agreement, including a page containing a legal description of the property.

### The bankruptcy proceedings

{¶ 9} The central issue before the bankruptcy court was whether Marcy could be bound by the mortgage as a borrower-cosigner despite her name's not being included in the definition of "Borrower" on the first page of the mortgage. The bankruptcy court denied the trustee's and the bank's competing motions for summary judgment, holding that the mortgage language was ambiguous and parol evidence could therefore be considered. After the matter proceeded to trial, the court concluded based on extrinsic evidence and the instrument itself that Marcy had executed the mortgage with the intent to pledge her interest in the property.

{¶ 10} On appeal of the judgment in favor of the bank, the bankruptcy appellate panel recognized that whether a person who signs a mortgage has encumbered his or her interest in the property if the person was not identified in the body of the mortgage has repeatedly arisen in Ohio bankruptcy cases. The panel also noted that it has been constrained in predicting how this court might rule on the matter. The panel observed that the trustee's position was supported by prior bankruptcy decisions, one of which determined that "a mortgage, under Ohio law, does not encumber a spouse's one-half interest in real property if the mortgage, although signed and acknowledged by the spouse, does not otherwise reference the spouse." *In re Wallace*, Bankr.S.D.Ohio No. 05-24918, 2007 WL 6510864, *3 (Nov. 15, 2007). The bank's position was supported by a competing line of decisions from Ohio courts of appeals, one of which held that a spouse's signing a mortgage as a borrower mortgages his or her interest in a property even if the body of the mortgage does not refer to the spouse by name. *SFJV 2005, L.L.C. v. Ream*, 187 Ohio App.3d 715, 2010-Ohio-1615, 933 N.E.2d 819 (2d Dist.).

4

**Statement of Certified Questions**

{¶ 11} Given the foregoing conflict and the lack of controlling precedent from this court regarding Ohio mortgages that do not name one of the signatories in the body of the document, the panel sua sponte certified the following questions of law in accordance with S.Ct.Prac.R. 9.01(A):

1. [Is] an individual who is not identified in the body of a mortgage, but who signs and initials the mortgage, * * * a mortgagor of his or her interest?

2. Is a mortgage signed and initialed by an individual whose name is not identified in the body of the mortgage, but whose signature is properly acknowledged pursuant to Ohio Revised Code § 5301, invalid as a matter of law such that parol evidence is not admissible to determine the intent of the individual in signing the mortgage?[1]

**Analysis**

{¶ 12} We address the questions together, as they essentially raise the same inquiry. They ask whether a signature would *always* bind a party to a mortgage irrespective of its terms or whether a signature would *never* bind a party to a mortgage if the signatory's name does not appear in the body of the mortgage. The

_____

[1] The trustee additionally presents a question regarding how broadly or narrowly to construe the term "borrower" as it is used in the cosigner provision of the Perrys' mortgage agreement. We decline to address this additional question for two reasons. First, it is not one of the questions certified to this court by the bankruptcy appellate panel. Second, the record before us does not include the mortgage agreement or any other original documents. An understanding of the intent of each part of an agreement, including definitions of terms, must be ascertained through consideration of the agreement as a whole. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361-362, 678 N.E.2d 519 (1997). Because we cannot consider the Perrys' mortgage as a whole, we are unable to construe the intended meaning of "borrower" in every context in which it appears in the mortgage agreement.

answer lies somewhere in between. Thus, we decline to answer the first question with an unequivocal "yes" or "no." Instead, we answer that under Ohio law it is *possible* for a person who is not identified in the body of a mortgage, but who has signed and initialed the mortgage, to be a mortgagor of his or her interest.[2] We answer the second question, however, with an unequivocal "no." Under Ohio law, a mortgage that is properly signed, initialed, and acknowledged by a signatory whose name does not appear in the body of the mortgage is not invalid as a matter of law, and in the event of ambiguity, parol evidence may be admissible to determine the signatory's intent.

{¶ 13} Our answers are guided by general contract principles as well as specific formalities—or the lack thereof—required for mortgages in Ohio.

### Formalities of a Mortgage

{¶ 14} We begin our analysis by looking to the formal elements that are necessary for a valid mortgage agreement in Ohio. If a formality is strictly required by law for the execution or content of an instrument, the failure to adhere to that requirement renders the instrument unenforceable at law irrespective of the intent of the parties. *See Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282, 285-286, 209 N.E.2d 194 (1965) (holding that a lease that was not executed in compliance with the required formalities was invalid and not subject to reformation). The second certified question before us today implies that including a mortgagor's name within the body of a mortgage agreement might be a formality in Ohio.

---

[2] The bank points out that during the pendency of the Perrys' bankruptcy appeal, the General Assembly amended R.C. 5301.07, which now provides that once an instrument is recorded, a rebuttable presumption arises that "the instrument conveys, encumbers, or is enforceable against the interest of the person who signed the instrument." R.C. 5301.07(B)(1)(a). The parties dispute whether the new language controls in the present circumstances. However, even without the additional presumption set forth in R.C. 5301.07, fundamental principles of contract law allow a signatory to be a mortgagor of his or her interest notwithstanding the failure to include the signatory's name in the body of a mortgage.

**{¶ 15}** The trustee argues that Ohio should follow the rule predicted in an Ohio bankruptcy decision, *Wallace*, Bankr.S.D.Ohio No. 05-24918, 2007 WL 6510864. *Wallace* suggests that the common law related to deeds found in other jurisdictions should control the law of mortgages in Ohio:

> "According to the rule adopted in many jurisdictions, it is essential to the operative effect of a conveyance of real estate that the grantor's name appear in the body of the instrument in connection with apt words of conveyance, and that the mere execution of the instrument by signing and acknowledging is not sufficient. The same question naturally arises with respect to mortgages, and so far, at least, as a mortgage is considered as a conveyance of the legal title, the rule applicable to deeds has been held to govern in the case of mortgages."

*Id.* at *1, quoting 54A American Jurisprudence 2d, Mortgages, Section 24, at 613 (1996).[3] Thus, under the rule described in *Wallace*, if a signatory's name does not appear in the body of a mortgage document, the mortgage would be inoperative as a matter of law against that signatory's interest. *Wallace* at *2.

**{¶ 16}** Ohio law does not contain the standards that formed the context of the rule described in *Wallace*. Any formalities for mortgages and other instruments of conveyance that exist in Ohio are prescribed by statute. *Dodd v. Bartholomew*, 44 Ohio St. 171, 176-177, 5 N.E. 866 (1886).

**{¶ 17}** Ohio's statutory scheme governing real-property conveyances and encumbrances is found in R.C. 5301.01 et seq. There is little in the way of strict

---

[3] Notably, the current version of American Jurisprudence 2d, Mortgages, no longer contains the quoted rule. 54A and 55 American Jurisprudence 2d, Mortgages (2009).

requirements. A deed does not need to use any specific terms of inheritance or succession to create a fee-simple estate, and any mortgage is presumed to pledge the mortgagor's entire interest unless the language specifies that the mortgagor "intended to convey or mortgage a less estate." R.C. 5301.02. A mortgagor must sign a mortgage and must officially acknowledge before a notary public or other authorized official that he or she signed the mortgage, R.C. 5301.01(A), for the purposes stated in the mortgage, R.C. 147.541(C)(1). As long as a mortgagor's signature is legible, the mortgagor's name need not appear elsewhere in the writing in order to be valid for purposes of recording. *See* R.C. 317.11.

{¶ 18} Nothing in these statutes indicates that the "operative effect" of a mortgage agreement is dependent upon a mortgagor's name appearing in the agreement other than in the mortgagor's signature and acknowledgement. Accordingly, although the rule described in *Wallace* and relied upon by the trustee in the bankruptcy matter underlying this case may be the practice in some jurisdictions, no such rule exists in Ohio. Because the inclusion of a mortgagor's name in the body of a mortgage agreement is not a formal requirement in Ohio, the failure to include a signatory's name in the body of a mortgage is not fatal to the instrument as a matter of law.

**General Substantive Requirements for Mortgages**

{¶ 19} Although some aspects of the execution and form of a mortgage are governed by statute, the basic terms of a mortgage agreement remain subject to the general rules of contract. *Dodd*, 44 Ohio St. at 176-177, 5 N.E. 866. In order to form any contract, there must be a meeting of the minds of the parties regarding the contract's essential terms, and those terms must be reasonably certain and clear. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16-17. The identity of any party who intends to be bound is among a contract's basic terms.

{¶ 20} The primary goal in construing any contract is to ascertain and give effect to the intention of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins.*

8

*Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989). We presume that the intent of the parties to a written contract is found in the writing of the contract itself. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11.

{¶ 21} Generally speaking, a contracting party's signature manifests the party's intent to be bound to a contract's terms. *Preferred Capital, Inc. v. Power Eng. Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, 860 N.E.2d 741, ¶ 10. It is the party's signature, and not any other indication of identity, that is fundamental to the enforcement of a contract governed by the statute of frauds. *See Sanders v. McNutt*, 147 Ohio St. 408 (1947) (discussing G.C. 8621, now codified as R.C. 1335.05). If the identity of the party to be charged on a contract is unclear, it is the signature that "fixes the actual identity of the party." *Dodd* at 176, citing 1 Jones, *A Treatise on the Law of Mortgages of Real Property*, Section 63, at 46, fn.2 (1878) (explaining various ways in which a mortgagee might be identified, but as for mortgagors, noting that the mortgagor's "signature fixes the actual identity of the person"). Thus, a signature should not be considered a mere ornament but a meaningful term of the contract.

{¶ 22} A party's intent to be bound does not begin and end with a signature. The meaning of a mortgage agreement, like any other contract, requires a consideration of the contract as a whole. *Dodd,* 44 Ohio St.at 175-176, 5 N.E. 866. The meaning of the contract must come from the aggregate of each and every part, and each and every part of the contract must be given meaning if possible. *Id.*; *see German Fire Ins. Co. v. Roost*, 55 Ohio St. 581, 45 N.E. 1097 (1897), paragraph one of the syllabus.

{¶ 23} The signature on a contract and the other terms of the contract are interdependent. For example, although signing a deed generally indicates the intent to convey a person's full interest in property, such intent can be limited by other provisions within the deed. *Foster's Lessee v. Dennison*, 9 Ohio 121, 125 (1839)

(a wife who signs a deed with an additional term stating that she "relinquishes her right of dower" in her husband's property does not convey her separate interest in the property). Additionally, if words accompanying a person's signature indicate that the person is signing in a particular capacity, a contract can be enforced against him in that capacity even if he is not otherwise identified in the body of the contract. *See Palmer v. Prunty*, 168 Ohio St. 573, 574-575, 156 N.E.2d 831 (1959) (a noncompete clause in a contract for the sale of a business could be enforced against the business owner's husband, who had signed the contract as a "seller"). Thus, a signature's import must be considered in light of the contract as a whole.

{¶ 24} Given the foregoing, a person's signature on a contract can potentially be sufficient evidence of the intent to be bound by the terms of a contract. Not being identified by name in the body of a contract does not, in itself, negate a signatory's intent to be bound by the contract. Accordingly, a person who is not identified in the body of a mortgage, but who signs and initials the mortgage, is a mortgagor of his or her interest so long as the mortgage agreement as a whole evinces the person's intent to be bound through his or her signature.

## CONCLUSION

{¶ 25} We hold that the failure to identify a signatory by name in the body of a mortgage agreement does not render the agreement unenforceable as a matter of law against that signatory. As a matter of general contract interpretation, it is possible for a person who is not identified in the body of a mortgage but who has signed and initialed a mortgage to be a mortgagor of his or her interest. Accordingly, we answer the first certified question in the affirmative, with qualification, and we answer the second certified question in the negative.

So answered.

O'CONNOR, C.J., and KENNEDY, FRENCH, and FISCHER, JJ., concur.

O'DONNELL, J., concurs in judgment only.

DEWINE, J., concurs in part and dissents in part, with an opinion.

10

_____

**DEWINE, J., concurring in part and dissenting in part.**

{¶ 26} Under the facts presented by the federal court, both certified questions can be answered unequivocally. When one party to a mortgage document conveys an interest in property, a second party who only signs and initials the mortgage does not mortgage her interest. And a mortgage by which a person conveys an interest is neither invalid nor unambiguous even if a second person signs and initials the document. Thus, parol evidence should not be considered. Because the majority answers the questions differently, I dissent.

{¶ 27} "Certification ensures that federal courts will properly apply state law." *Scott v. Bank One Trust Co., N.A.*, 62 Ohio St.3d 39, 43, 577 N.E.2d 1077 (1991). When we agree to answer a question certified to us, we owe it to the federal court to provide an answer that will aid its determination. The majority's response to the first question—that "it is possible for a person who is not identified in the body of a mortgage but who has signed and initialed a mortgage to be a mortgagor of his or her interest," majority opinion at ¶ 25—gives little guidance to the federal court.

{¶ 28} One problem with the majority's opinion is its misapprehension of the questions posed by the federal court. The majority summarizes the questions this way: "[The certified questions] ask whether a signature would *always* bind a party to a mortgage irrespective of its terms or whether a signature would *never* bind a party to a mortgage if the signatory's name does not appear in the body of the mortgage." (Emphasis sic.) Majority opinion at ¶ 12. Having reframed the questions in always/never terms, the majority focuses a good part of its attention on the formalities of mortgages. It correctly explains the formality requirements set forth in R.C. 5301.01(A). But while the questions certified by the federal court could be read broadly to ask under what circumstances a mortgage is valid, it is clear from the facts provided by the court that the real issue is what interest was

11

conveyed by the mortgage document. In other words, the court is looking for an answer to the question presented by the case in front of it, not a rehash of general principles of contract law.

{¶ 29} Let's begin with the first question—"[Is] an individual who is not identified in the body of a mortgage, but who signs and initials the mortgage, * * * a mortgagor of his or her interest?"—considered in the context of the facts of the case. To determine what was promised in a contract, we look to the unambiguous terms of the contract itself. Only if the terms of the contract are unclear do we resort to parol evidence to determine what the parties intended. *Trinova Corp. v. Pilkington Bros., P.L.C.*, 70 Ohio St.3d 271, 638 N.E.2d 572 (1994), syllabus. The majority does not say whether it finds the mortgage here to be ambiguous. But a look at the mortgage's terms, as set forth by the federal court, reveals no ambiguity.

{¶ 30} On the first page of the mortgage, Vodrick Perry alone is identified as "Borrower." *In re Perry*, 558 B.R. 204, 207 (2016). Two pages later, the mortgage "expressly provides that to secure repayment the 'Borrower' mortgages property as described on Page Seventeen. This Page includes the legal description of the Property." *Id.* It's hard to imagine a clearer expression of intent—the "Borrower," Vodrick, mortgages his interest in the property. Nowhere in the document does Marcy grant a mortgage in her interest. Because Marcy did not convey an interest, she did not convey an interest. This conclusion is in accord with the determination in *Smith v. Turpin*, 20 Ohio St. 478, 492 (1870), that the failure to include a wife's name in the granting clause of a deed defeated the intent to convey her interest in the property, even though both husband and wife had executed the deed.

{¶ 31} The majority cites a paragraph of the mortgage that includes a cosigner provision for a party like Marcy who did not sign the promissory note. But again, no ambiguity arises from this paragraph. The paragraph says:

12

"[A]ny Borrower who co-signs this Security Instrument but does not execute the Note (a 'co-signer'): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent."

*In re Perry,* 558 B.R. at 207, quoting the mortgage. This cosigner paragraph applies only to a "Borrower" who did not sign the note. It does not apply to Marcy, because she is not a "Borrower" under terms of the mortgage.

{¶ 32} Thus, considering the first question in the context of facts provided by the federal court, I would answer in the negative: a party not identified in the mortgage as conveying her interest does not do so, even if she signs and initials the mortgage document. Like the majority, I would answer the second question in the negative: a mortgage signed and initialed by a party not identified in the body of the mortgage is not invalid. But I would clarify that the mortgage is also not ambiguous, so parol evidence is not admissible.

———————————

Plunkett Cooney, P.C., and Amelia A. Bower, for petitioner.

Levinson L.L.P., Jeffrey M. Levinson, Beth Marie Miller, and Susan L. Rhiel, for respondent.

———————————