RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19b0006p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

In re: VODRICK LEE PERRY; MARCY LYNN PERRY,

*Debtors*.

_____

SUSAN L. RHIEL, Trustee,

*Plaintiff-Appellant*,

*v.*

THE BANK OF NEW YORK MELLON,

*Defendant-Appellee*.

No. 16-8042

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Columbus.
No. 14-56316; Adv. No. 14-02312—Charles M. Caldwell, Judge.

Decided and Filed: May 8, 2019

Before: DALES, HARRISON and OPPERMAN, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

_____

**ON BRIEF:** Kristin Radwanick, Susan L. Rhiel, Jeffrey M. Levinson, LEVINSON LLP, Cleveland, Ohio, for Appellant. Amelia A. Bower, PLUNKETT COONEY, Columbus, Ohio, for Appellee.

_____

### OPINION

_____

SCOTT W. DALES, Bankruptcy Appellate Panel Judge. This appeal concerns a Complaint for Declaratory Judgment filed by chapter 7 trustee Susan Rhiel (the "Appellant")

seeking a determination that a refinanced mortgage only encumbers the interest of the person specifically defined within the body of the mortgage as a "Borrower/Mortgagor." The bankruptcy court considered whether the co-debtor wife's signature and initials on a mortgage instrument that listed her as a "Borrower" in the signature block resulted in pledging to the lender her interest as a joint tenant with rights of survivorship, when the mortgage did not specifically name her as a "Borrower" within the text of document other than in the signature block.

The bankruptcy court regarded the mortgage as ambiguous under these circumstances, concluding that extrinsic evidence was necessary to determine the parties' intent and respective rights in the property. After a trial, the court entered a Memorandum Opinion and Order[1] and Judgment Order finding the property fully encumbered by the mortgage. The trustee appealed from this ruling.

During the appeal, the Panel certified two unsettled state law questions to the Ohio Supreme Court and held the appeal in abeyance pending the high court's answer. Because the Ohio Supreme Court has now answered the certified questions, and the parties have offered supplemental argument in light of the answers, the appeal is now ready for decision.

**ISSUES ON APPEAL**

The Appellant frames the issues on appeal as follows:

> 1. Did the Bankruptcy Court err in allowing parole [sic] evidence at trial regarding Debtor Marcy Lynn Perry's intent when signing the First Mortgage held by the Appellee The Bank of New York Mellon where the First Mortgage was unambiguous on its face?

> 2. Did the Bankruptcy Court err in determining that the Property is fully encumbered by the First Mortgage held by the Appellee The Bank of New York Mellon, including the interest of Marcy Lynn Perry where Marcy Lynn Perry is not defined as a "Borrower" in the First Mortgage?

---

[1]Memorandum Opinion & Order on Chapter 7 Trustee Susan Rhiel's Complaint for Declaratory Judgment Against Defendants The Bank of New York Mellon, *et al.* (Doc. No. 1) ("Mem. Op.") Adv. No. 14-02312 ECF No. 70.

## JURISDICTION

The Panel has jurisdiction to decide this timely-filed appeal because the United States District Court for the Southern District of Ohio has authorized appeals to this Panel, and neither party has timely elected to have the district court hear this appeal.  28 U.S.C. § 158(b)(6), (c)(1).  Under 28 U.S.C. § 158(a)(1), a bankruptcy court's final order in an adversary proceeding may be appealed as of right.

For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494 (1989) (citation omitted).  The underlying adversary proceeding – the "judicial unit" -- was completely resolved on the merits after trial, making the bankruptcy court's order final and appealable. *Ritzen Grp., Inc. v. Jackson Masonry, LLC* (*In re Jackson Masonry, LLC*), 906 F.3d 494 (6th Cir. 2018); *Lyon v. Eiseman* (*In re Forbes*), 372 B.R. 321, 325 (B.A.P. 6th Cir. 2007).

## FACTS

Vodrick and Marcy Perry (the "Debtors" together; "Vodrick" and "Marcy" separately) filed a joint chapter 7 bankruptcy petition on September 5, 2014 (Case No. 2:14-bk-56316).  As of the petition date, the Debtors were joint tenants with rights of survivorship with regard to real estate located in Reynoldsburg, Ohio (the "Property").  The original purchase money mortgage encumbering the Property before the refinancing at issue in this case identified both Debtors as "Borrowers."  The Debtors each signed and initialed the original mortgage in that capacity.

On February 6, 2007, Vodrick refinanced the purchase money mortgage, executing and delivering a promissory note (the "Note") to America's Wholesale Lender.  Marcy did not sign the Note, nor was she listed as a "Borrower" anywhere within the document.  On that same day and in connection with the refinancing, the Debtors executed a mortgage (the "Mortgage") with America's Wholesale Lender, which was recorded in March 2007 and subsequently assigned to the Bank of New York Mellon (the "Appellee").  The definition of "Borrower" set forth in the main body of the Mortgage (as opposed to the signature block) named Vodrick as the only "Borrower" (Mortgage at 4, Adv. No. 2:14-ap-02312, ECF No. 1-1, Exh. C).  Marcy, however,

signed the signature page at the end of the Mortgage as "Borrower" within the signature block, and she initialed each page of the Mortgage. (*Id.* at 18).

On November 17, 2014, shortly after the order for relief, Appellant filed a two-count Complaint for Declaratory Judgment ("Complaint," Adv. No. 14-02312 ECF No. 1) seeking a declaration that the Mortgage did not encumber Marcy's interest in the Property because her name did not appear in the body of the Mortgage (where Vodrick alone was named as "Borrower"), even though she signed the Mortgage as "Borrower" without qualification on the signature page and placed her initials on each page. On cross-motions for summary judgment, the bankruptcy court found that the Mortgage was ambiguous, and that the court would have to consider parol evidence (at trial) to determine the intent of the Debtors and the refinancing mortgagee before declaring the parties' respective interests in the Property. After trial, the bankruptcy court entered a Memorandum Opinion and Order and Judgment Order finding that the Mortgage fully encumbered both Debtors' interests in the Property. The Appellant trustee appealed.

Given the conflicting opinions among federal courts and Ohio state courts,[2] and because the Ohio Supreme Court had not squarely addressed the issues presented on appeal, the Panel certified two unsettled questions of Ohio law to the state's highest court pursuant to Rules of Practice, Supreme Court Ohio 9.01(A), and held this appeal in abeyance pending the high court's response. More specifically, the Panel asked the Ohio Supreme Court to answer two state-law questions:

> 1. [W]hether an individual who is not identified in the body of a mortgage, but who signs and initials the mortgage, is a mortgagor of his or her interest; and
>
> 2. Is a mortgage signed and initialed by an individual whose name is not identified in the body of the mortgage, but whose signature is properly

---

[2]In *Hardesty v. Huntington Nat'l Bank* (*In re Payne*), 450 B.R. 711 (Bankr. S. D. Ohio 2011) and *Kindt v. ABN AMRO Mortg. Grp.*, (*In re Wallace*), No. 06-1322, 2007 WL 6510864 (Bankr. S.D. Ohio Nov. 15, 2007), the courts ruled that individuals who signed and initialed a mortgage document but were not identified as a "Borrower" within the terms of the Mortgage could not convey their interest in real property as mortgagors regardless of their intent. Reaching the opposite conclusion, cases such as *Mortgage Electronic Registration Systems, Inc. v. Kaehne*, No. 2007-P-0033, 2008 WL 3271249 (Ohio App. Aug. 8, 2008) and *CitiMortgage, Inc. v. Kermeen*, No. 2011CA2, 2012 WL 1264488 (Ohio App. April 13, 2012), held that if a person signs/initials a mortgage document, she is conveying her interest in property as a mortgagor despite not being listed within the instrument's definition of "Borrower."

acknowledged pursuant to Ohio Revised Code § 5301, invalid as a matter of law such that parol evidence is not admissible to determine the intent of the individual in signing the mortgage?

*See* Memorandum of Opinion and Order of Certification of Questions of Law to the Supreme Court of Ohio, dated June 20, 2019 ("Opinion Re: Questions of Law" BAP Case No. 16-8042 ECF No. 19).[3]

On December 20, 2018, the Supreme Court of Ohio answered the certified questions by stating that the failure to identify a signatory by name within the body of the mortgage instrument did not render the agreement unenforceable against the signatory's *in rem* rights as a matter of law. *Bank of New York Mellon v. Rhiel*, Slip Opinion No. 2018-Ohio-5087, at 1. Additionally, Ohio's high court held that when a mortgage is properly signed, initialed and acknowledged by a signatory who is not named within the document itself, the mortgage is not invalid as a matter of law. *Id.* at 6. Thus, parol evidence is always admissible to determine intent when ambiguities within the mortgage instrument are present. To reach this conclusion, the high court looked to both the formal elements of creating a valid mortgage under Ohio statutory law, *e.g.*, Ohio Rev. Code Ann. § 5301.01 *et seq.*, and the familiar substantive requirements under general contract law. *Bank of New York Mellon v. Rhiel*, No. 2018-Ohio-5087, 2018 WL 6778145 at *4-5 (Dec. 20, 2018).

The Supreme Court of Ohio stated that, under Ohio Rev. Code Ann. § 5301.07, any mortgage is presumed to pledge the mortgagor's entire interest in the property unless there is language within the document itself that states otherwise. Under Ohio Rev. Code Ann. § 5301.01(A), a mortgagor must sign a mortgage instrument and officially acknowledge it before an authorized official (including a notary public) affirming that she signed the document in question for the purpose stated within the mortgage (Ohio Rev. Code Ann. § 147.541(C)(1)). Finally, Ohio's highest court said, "as long as a mortgagor's signature is legible, the mortgagor's name need not appear elsewhere in the writing in order to be valid for purposes of recording." *Rhiel*, 2018 WL 6778145 at *4.

---

[3]The Panel assumes the reader's familiarity with its certification order.

Under general principles of contract law, there must be a meeting of the minds regarding essential, clear, and certain terms within the contract including but not limited to the identity of the parties to the contract. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, 61-62 ¶ 16-17 (Ohio 2002). When it comes to intent, various aspects of Ohio case law, as well as Ohio Rev. Code Ann. § 1335.05, emphasize that the signature of a party itself makes a contract enforceable, rather than other methods of identification within the contract itself.[4] Additionally, the high court observed:

> The primary goal in construing any contract is to ascertain and give effect to the intention of the parties. We presume that the intent of the parties to a written contract is found in the writing of the contract itself. Generally speaking, a contracting party's signature manifests the party's intent to be bound to a contract's terms. It is the party's signature, and not any other indication of identity, that is fundamental to the enforcement of a contract governed by the statute of frauds. If the identity of the party to be charged on a contract is unclear, it is the signature that "fixes the actual identity of the party." Thus, a signature should not be considered a mere ornament but a meaningful term of the contract.

*Rhiel*, 2018 WL 6778145 at *4 (internal citations omitted).

While the Supreme Court of Ohio emphasized the signature requirement of a contract, it also discussed the importance of consideration under general contracting principles, most significantly, that a party's intent cannot be found by a signature alone. Ohio's high court also observed that although a party's signature on a contract generally indicates a party's intent to be bound, language within the document could limit a party's capacity and willingness to encumber certain property.[5] Overall, the Court concluded that the signature within the contractual terms as a whole must be considered to determine a party's intent to be bound to a contract, and further, it is presumed that a person who signs a mortgage, even if she is not described within the body of the document, is acting as a mortgagor regarding her own property interest so long as there is nothing in the mortgage itself that negates this presumption. *Id*. at *4.

---

[4]*See Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256 (Ohio 2003); *Preferred Capital, Inc. v. Power Eng. Grp., Inc*., 860 N.E.2d 741, ¶ 10 (Ohio 2007); *Sanders v. McNutt*, 147 Ohio St. 408 (1947).

[5]For example, the majority cited *Foster's Lessee v. Dennison*, 9 Ohio 121, 125 (1839), where a wife who signed a deed stating that she "relinquished her rights to dower" in her husband's property did not convey her separate interest in property, and mentioned *Palmer v. Prunty*, 156 N.E.2d 831 (1959), a case involving contractual limitations on the interest a signatory conveyed.

At the Panel's request, both parties wrote supplemental briefs to refine their original arguments, if necessary, in light of the Ohio Supreme Court's recent ruling.

The Appellant's Supplemental Brief focused on two parts of the Ohio Supreme Court's opinion. First, the Appellant stressed that the Ohio court held only that it is *possible* for a person not listed within the document, who nonetheless signs the document, to pledge her property interest to a mortgagee, and then only if the mortgage (as a whole) evinces that person's intent to be bound. In other words, the Appellant argues that the Ohio Supreme Court reached a middle ground, directing its focus to the document itself. Second, the Appellant emphasized the dissenting justice's view that Marcy did not convey her interest because there was no conveyance language pertaining to her within the Mortgage. Of course, the views of the dissent did not carry the day.

More specifically, the Appellant first looked to the Mortgage itself, the body of which expressly states that the "Borrower" is Vodrick Perry, and that the "Borrower" (Vodrick, not Marcy) was the only person pledging any interest in the Property to the mortgagee. For this reason, the Appellant regards the Mortgage as concrete and unambiguous in excluding Marcy from the definition of "Borrower." Notwithstanding the answers to the Panel's certified questions, the Appellant argues that the bankruptcy court erred in admitting parol evidence. The Appellant then discussed the case law from other states, including Massachusetts and Kentucky, along with prior decisions applying Ohio law, such as *Kindt v. ABN AMRO Mrtg. Group* (*In re Wallace*), Slip Op. Adv. No. 06–1322, 2007 WL 6510864 (Bankr. S.D. Ohio Nov. 15, 2007), and *Hardesty v. Huntington Natl. Bank* (*In re Payne*), 450 B.R. 711 (Bankr. S.D. Ohio 2011)), to show that other bankruptcy courts have held that a person who signs a mortgage has not encumbered her share of property if she is not defined as a "Borrower" within the body of the mortgage itself. The Appellant's pre-certification arguments are consistent with those in her supplemental brief.

In its Supplemental Brief (ECF No. 28) the Appellee argues that the Ohio Supreme Court's answers to the certified questions are binding precedent, and case law issued before the high court's ruling is not dispositive of the present controversy and may not be used to support the Appellant's position. Next, the Appellee argues that the Appellant may not use the

dissenting opinion as a basis for reversal, stating that "[e]ven if this court believes that Justice DeWine's dissenting opinion is more logical and reasonable than the majority response to the certified questions, this court is bound by the majority decision." (Appellee Suppl. Br. at 8, BAP Case No. 16-8042 ECF No. 28 (citing *Osteen v. State Farm Mut. Auto. Ins. Co.*, No. 1522, 1989 WL 98527 (Ohio App. 1989)).) Finally, regarding the second certified question about parol evidence, the Appellee emphasizes the Ohio Supreme Court's conclusion that "a mortgage that is properly signed, initialed, and acknowledged by a signatory whose name does not appear in the body of the mortgage is not invalid as a matter of law, and in the event of ambiguity, parol evidence may be admissible to determine the signatory's intent." (Appellee Suppl. Br. at 2, 10 (citing Op. Re: Questions of Law at 6).) The arguments in Appellee's Supplemental Brief are consistent with its earlier submission to the Panel.

**STANDARD OF REVIEW**

The Panel reviews the bankruptcy court's legal conclusions *de novo*. *Caradon Doors & Windows, Inc. v. Eagle-Picher Indus., Inc.* (*In re Eagle-Picher Indus., Inc.*), 447 F.3d 461, 463 (6th Cir. 2006). "*De novo* means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001) (citations omitted). In other words, "no deference is given to the trial court's conclusions of law." *Mktg. & Creative Sols., Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Sols., Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006) (citations omitted).

The bankruptcy court's finding that a contract or similar instrument is ambiguous, requiring parol evidence for its interpretation, raises both a legal and factual question. "The question of whether the language of a written agreement is ambiguous is one of law[.]" *Parrett v. American Ship Bldg. Co.*, 990 F. 2d 854, 858 (6th Cir. 1993). However, if the contractual language has been determined to be ambiguous, the issue then becomes a matter of fact which is reviewed for clear error, but "[t]he meaning of [ambiguous] terms . . . will not be overturned on appeal absent a showing that the trial court abused its discretion." *Lincoln Elec. Co. v. St. Paul Fire & Marine Ins. Co.*, 210 F. 3d 672, 684 (6th Cir. 2000).

**DISCUSSION**

With the benefit of the Ohio Supreme Court's opinion answering the Panel's certified questions, and after reviewing the record on appeal, the Panel affirms the bankruptcy court in all respects.

Before trial, while resolving the parties' summary judgment motions, the bankruptcy court predicted the Ohio Supreme Court's answer to the Panel's certified question regarding the admissibility of parol evidence under the present circumstances. After finding that the term "Borrower" as used in the Mortgage is ambiguous, the bankruptcy court announced that it would require a trial (and evidence beyond the Mortgage itself) to assess the intent of the Debtors and the refinancing lender, and to declare the competing rights to the Property.

After an independent review of the Mortgage, the Panel concurs in finding the Mortgage ambiguous – the text of the document suggests that Vodrick alone was the "Borrower," but Marcy's signature and initials suggest that Marcy, too, pledged her interest in the Property as "Borrower." Under the circumstances, the term "Borrower" is susceptible to two competing and reasonable interpretations rendering the Mortgage ambiguous with respect to the identity of the mortgagor or mortgagors and the extent of property liable for the Note.[6] Moreover, in view of the recent ruling of the Supreme Court of Ohio, the bankruptcy court's decision to consider parol evidence was also correct, and obviously so. Indeed, the Panel struggles to imagine what else a bankruptcy court could do to divine the parties' intent in the face of such ambiguity.

At trial, looking to the Mortgage itself, as well as to extrinsic evidence in the form of depositions, two affidavits, several of the Debtors' other income-property transactions, and testimony from individuals involved in the refinancing and closing, the bankruptcy court concluded that the Mortgage encumbered both Vodrick and Marcy's interest in their joint tenancy. More specifically, the court considered the fact that both Vodrick and Marcy

---

[6]Under Ohio law, "[a] contract is ambiguous if its provisions are susceptible to two or more reasonable interpretations… [w]hether a contract's terms are clear or ambiguous is a question of law for the court." *Drone Consultants, L.L.C. v. Armstrong*, 2016 WL 3057969 at *3 (Ohio App. 12th Dist. May 31, 2016). If a contract has a definite legal meaning, it is unambiguous; if a court cannot ascertain a definite legal meaning, it may consider extrinsic evidence to determine the parties' intent. *Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1262 (Ohio 2003). "It is generally the role of the finder of fact to resolve ambiguity." *Id*.

mortgaged their interests in the Property when they acquired it, and evidently found in the record nothing to suggest that, in refinancing their purchase money debt, the lender intended to cut its collateral package in half. The bankruptcy court regarded the suggestion that the refinancing lender would lend against half of the Property as a "gratuitous gesture [that] seems far afield from logic, common sense judgment, and reason." (Mem. Op. at 4, Adv. Case No. 2:14-ap-02312, ECF No. 70). This is an eminently sensible inference.

The bankruptcy court also considered the fact that the loan documents were computer-generated, but that the lender's agent who prepared the closing documents also prepared explicit instructions for the closing agent to require both Debtors to sign the Mortgage and other paperwork associated with the refinancing (including the Truth in Lending Disclosure and Notice of Right to Cancel). Marcy signed the documents as instructed. The court discounted Marcy's testimony (by affidavit) that she intended only to release her dower interest because one of her affidavits contradicted the other on the key point of her reasons for signing the Mortgage, and because her confusion between the concepts of "dower" and "dowry" similarly undermined her testimony. Although the fact that Marcy testified by affidavit prevented the bankruptcy court from evaluating her demeanor, it did not stop the court from evaluating credibility. The bankruptcy court did not credit the portion of Marcy's testimony that she meant only to release her dower interest, despite initialing each page of the Mortgage (including where the legal description of the collateral appeared), and despite signing as "Borrower" on the signature page.

The court also noted that the Mortgage itself appeared to recognize that "any Borrower who co-signs this Security Instrument but does not execute the Note (a 'co-signer'): (a) is co-signing this Security instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument. . . ." (Mem. Op. at 5). The court found no documentary evidence to suggest that Marcy signed the Mortgage only to release her dower rights, as she contended in one of her two affidavits (and as Appellant's counsel argued below). Tellingly, the description of the Property within the Mortgage contained no language indicating that the refinancing lender intended to take a first mortgage in half of the Property.

Having carefully considered the bankruptcy court's opinion and the record on appeal, the Panel regards the Mortgage as equivocal regarding the identity of the "Borrower," and finds no

clear error in the bankruptcy court's factual finding (based on parol evidence) that by signing the Mortgage, both Debtors intended to encumber their entire interest in the Property to secure the Note.

## CONCLUSION

To summarize, in rulings that conformed to the Ohio Supreme Court's recent opinion even before the high court issued it, the bankruptcy court properly admitted parol evidence of the parties' intent after recognizing a crucial ambiguity in the Mortgage regarding the identity of the "Borrower." Following trial on the merits, the bankruptcy court determined that the Mortgage encumbered not just Vodrick's interest in the Property, but Marcy's also. The Panel finds no error in the bankruptcy court's decision.

For these reasons, we AFFIRM the judgment of the bankruptcy court in all respects.